413 So.2d 536 (1982)
Teresa WOODARD
v.
J & M SEAFOOD RESTAURANT and Allstate Insurance Company.
No. 5-203.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Weigand & Siegrist, Richard A. Weigand, New Orleans, for plaintiff-appellee.
Donovan & Lawler, James L. Donovan, Noel E. Vargas, II, Metairie, for defendants-appellants.
Before BOUTALL, CHEHARDY and KLIEBERT, JJ.
CHEHARDY, Judge.
Defendants, J & M Seafood Restaurant and Allstate Insurance Company, appeal a district court decision of March 11, 1981 in favor of Teresa Woodard and against the defendants.
This appeal emanates from a claim for workmen's compensation benefits filed in the district court on July 17, 1979. Pursuant to that claim, judgment was rendered by the district court on May 20, 1980, and the plaintiff was awarded 25 weeks of compensation at the rate of $93 per week, plus legal interest on each installment from the date it was due until paid; all medical *537 expenses incurred during this period; and all costs of this proceeding, including the testifying fee of the expert medical witnesses, which was set at $150.
On May 23, 1980, the plaintiff filed a motion for amendment of judgment and a memorandum requesting the district court to clarify the judgment in that matter, alleging that the parties were unsure as to which 25-week period the court was referring. In addition, it stated that the parties were unsure as to whether the court intended this judgment to include future compensation and medical expenses.
Subsequently, on September 30, 1980, the court rendered an amended judgment in the matter, stating that it had been the intention of the court to award 25 additional weeks of workmen's compensation, starting from the time of the last payment.
On October 3, 1980, the plaintiff filed a motion for a new trial, alleging she had discovered, since the trial, new evidence important to her cause which she could not, with due diligence, have obtained before the trial of this matter. In particular it alleged that on September 23, 1980 she was admitted to a hospital where she had undergone surgery to her lower back and neck, which revealed that she had a ruptured disc caused by the accident which she previously suffered while in the course and scope of her employment with J & M Seafood Restaurant. The motion for new trial was supported by the plaintiff's affidavit and medical report.
Judgment was rendered on October 29, 1980 granting a new trial for the submission of further medical evidence. Pursuant to this judgment, and after taking additional testimony on February 26, 1981, the district court on March 11, 1981 rendered an amended judgment finding the plaintiff was then disabled and ordering the defendants to continue making compensation payments pending further orders of the court. It also ordered those parties to pay all medical bills related to the plaintiff's injuries, costs and the testifying fee of the expert. It is this judgment which is appealed.
Defendants argue on appeal the judgment amendment of September 30, 1980 was an impermissible one under the terms of C.C.P. art. 1951 because it changed the substance of the judgment without the prerequisite request for a new trial being filed. Defendants also argue, therefore, that since the record indicates notice of the only valid judgment was sent to plaintiff and defendants on May 21, 1980, under the provisions of C.C.P. art. 1974, May 30, 1980 would have been the last day plaintiff could effectively apply for a new trial. Defendants conclude that since plaintiff did not file a motion for a new trial until October 9, 1980, the statutory delay had long expired.
We note the difference between a motion for a new trial and a motion to amend a judgment.
C.C.P. art. 1974 establishes the delay for applying for a new trial shall be seven days, exclusive of legal holidays, and this delay commences to run on the day after the judgment was signed. It further establishes that when notice of judgment is required, this delay commences to run on the day after the clerk has mailed, or the sheriff has served, this notice. Jurisprudence of this State also requires that a motion for a new trial must be timely filed in order to be effective. Bunge Corporation v. Emmons, 320 So.2d 230 (La.App. 3d Cir. 1975).
C.C.P. art. 1951 provides, however, that a judgment may be amended by the trial court at any time with or without notice, on its own motion or motion of any party, to alter the phraseology but not the substance of the judgment as to correct errors of calculation.
Primarily the motion for a new trial is timely filed from the amended judgment of September 30, 1980, but that is not the judgment which controls the time limitation. The time limit runs from the original judgment of May 23, 1980. From that judgment the motion for a new trial is too late.
We call attention to the fact that the motion to amend the judgment does not stop the execution or definitiveness of the judgment sought to be amended. This is so *538 because only non-substantive amendments can be made. If the amendment is substantive, it could only be made by a motion for a new trial. We refer for example to the cases of Hebert v. Hebert, 351 So.2d 1199 (La.1977); Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir. 1980); Flack v. Federal Crop Insurance Corporation, 309 So.2d 760 (La.App. 3d Cir. 1975). We also refer to C.C.P. arts. 1974, 2087, 2123 and arts. 2088 and 2121.
Accordingly, we proceed to a consideration of the amendment of judgment sought to be made. The amended judgment does not change any substantive rights of the parties, it simply fixes the date upon which the benefits awarded are to begin. R.S. 23:1221 sets out that the benefits are to be paid "during the period of disability" and the amendment simply states when that period begins, and correspondingly shows when it will end. Accordingly, we hold that the amended judgment of September 30, 1980, simply clarified but did not change the substance of the original judgment rendered by the trial court on May 20, 1980.
If the appeal before us was an ordinary type of proceeding we would be required to rule that the motion for new trial came after the appellate period had elapsed and the original judgment was final. However, this is a proceeding in workmen's compensation benefits and under the provisions of R.S. 23:1331 either party has the right to seek modification of a judgment which granted benefits. The policy in establishment of benefits under the provisions of the compensation cases is that its provisions should be liberally interpreted in favor of the workman. See Landreneau v. Liberty Mutual Insurance Company, 309 So.2d 283 (La.1975). Judgments in compensation cases are treated differently from ordinary judgments.
The judgment appealed from comes from a motion for new trial rather than the specific provisions of R.S. 23:1331, but the grounds urged for a new trial are those grounds which justify a reopening under Section 1331. The plaintiff had been issued an award of benefits, and it was not until after trial that she underwent an operation which disclosed that she was still suffering from a back injury based upon a ruptured disc caused by the work-related accident. We note that the application for a new trial was filed less than six months after the rendition of the May judgment, but the hearing thereon was held after the six-month period had elapsed. There is no attack upon the determination of entitlement to benefits in that judgment. It would be contrary to judicial economy to set aside the proceedings under the motion for a new trial and remand for a trial for benefits under the provisions of Section 1331. Justice to the parties requires that we consider those proceedings in the same light as proceedings under 1331 and accordingly we affirm the judgment. See C.C.P. art. 2164.
For the reasons assigned the judgment appealed is affirmed.
AFFIRMED.