651 So.2d 251 (1995)
Gregory L. BODENHEIMER
v.
Diane FREITAG.
No. 94-C-2573.
Supreme Court of Louisiana.
January 6, 1995.
PER CURIAM.[*]
Granted. The judgments of both lower courts are vacated and the case is remanded to the district court for further consideration and disposition in accordance with this summary per curiam opinion.
Diane Freitag ("Freitag") is not entitled to rent from her former husband, Gregory L. Bodenheimer ("Bodenheimer"). See La.Rev.Stat.Ann. § 9:374(C) (West 1991); Barr v. Barr, 613 So.2d 1159 (La.Ct.App. 5th Cir.1993); Burrell v. Burrell, 518 So.2d 569 (La.Ct.App. 4th Cir.1987). The husband is entitled to reimbursement from the community for mortgage payments made with his separate funds on the community house. See La.Civ.Code art. 2365 (West 1985 & Supp. 1994); Rogue v. Tate, 631 So.2d 1385 (La.Ct. App. 5th Cir.1994).
The lower courts' judgment awarding Freitag a one-half interest in both the UPS Thrift Plan and the UPS Retirement Plan, as well as one-half of the stock in both Overseas Partnership, Ltd. and in UPS, is also vacated, and the issue remanded to the district court for re-determination. Upon reconsideration, the district court should take into account the fact that the husband's contribution to these accounts preceding marriage and after the dissolution of the community do not inure to Freitag's benefit. The award of the parties' interests in the Thrift and Retirement Plans should be made only after applying the Sims formula. See Sims v. Sims, 358 So.2d 919 (La.1978); see also Hare v. Hodgins, 586 So.2d 118 (La.1991).
*252 VACATED AND REMANDED TO THE DISTRICT COURT.
LEMMON and KIMBALL, JJ., would grant and docket.
MARCUS, J., not on panel.
NOTES
[*] Marcus, J., not on panel. See Rule IV, Part 2, § 3. Lemmon, J. and Kimball, J. would grant and docket.