IzGOTHARD, Judge.
Defendant, Diane Freitag Bodenheimer (Freitag), appeals a judgment of the trial court which partially granted a new trial and amended a previous judgment.
This appeal arises from a lengthy and acrimonious divorce litigation. The matter began with the filing of a petition for divorce on July 28, 1989. A judgment of divorce was rendered on September 13, 1989; however, the litigation with respect to the settlement of property was still ongoing. A judgment of partition of property was rendered on February 10,1993. In part, that judgment refused Freitag’s motion for rental reimbursement from her former husband, plaintiff herein, Gregory Bodenheimer (Bodenheimer), for his use of the family home. In that judgment, *307 the trial court found that the mortgage payments made by Bodenheimer offset the claim by Freitag for rent, and divided certain stock and retirement accounts. An appeal was taken from that judgment by Bodenheimer. 1 ¡¡This Court affirmed the judgment on August 1, 1994 in an unpublished opinion.[1] On review the Supreme Court granted a Writ of Certiorari; and, in a Per Curiam opinion, vacated the judgment and remanded the matter to the trial court.[2] However, in that Per Curiam opinion the Supreme Court clearly stated that Freitag is not entitled to rent from her former husband. The matter was remanded to the District Court for re-determination of the interest of each party in the UPS Thrift Plan, the UPS Retirement Plan, and the stock in Overseas Partnership, LTD., and UPS. The trial court was instructed to consider the husband’s contributions to the assets, both preceding the marriage and after its dissolution. Further, the trial court was ordered to award the parties’ interest in the retirement plans in accordance with the formula set forth in Sims v. Sims, 358 So.2d 919 (La.1978).
The trial court conducted proceedings in accordance with the directive in the Per Cu-riam Opinion issued by the Supreme Court; and on October 2, 1996 rendered judgment partitioning the community assets. In that judgment the court stated, “IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the family home is to be valued in the sum of $130,000.00”. However, it is clear from the remainder of the judgment that the valuation actually used by the court in its calculations is $124,000.00. The correct amount -of the home is $124,000.00. The clause changed by the amended judgment was typed incorrectly in the original judgment. Notification of that ruling was mailed to the parties on the same day. On October 17,1996, the trial court rendered an “Amended Judgment” identical to the October 2, 1996 judgment, with the exception that it corrected the valuation of the home to $124,-000.00 in the one clause of the judgment where it was mistyped.
|4On October 24, 1996 Bodenheimer filed a motion for new trial. After a hearing on that motion, the trial court granted the motion in part and rendered a new judgment on May 2, 1997, changing the substance of the original judgment. Freitag appeals that judgment.
As previously stated, the October 2, 1996 judgment was amended, apparently on the court’s own motion, to correct an inaccurate calculation in accordance with LSA-C.C.P. art. 1951(2). Bodenheimer filed the new trial motion on October 24, 1996. The judgment presented for our review rendered on May 2, 1997 is a result of the partial grant of that motion. We find the motion for new trial was filed untimely, and therefore we conclude the judgment appealed from, which was rendered after a hearing on that motion, is invalid.
LSA-C.C.P. art. 1974 provides that the delay for applying for a new trial is seven days, exclusive of legal holidays. This delay begins to run on the day after the judgment was signed, or in the instant case, the day after the clerk has mailed notice to the parties of the signing of the judgment. Therefore, the time for filing the motion for new trial had run out before the October 17,1996 amended judgment was rendered. In order to be effective, the motion for new trial must be filed timely. The motion for new trial filed on October 24,1996 was timely as to the October 17,1996 amended judgment, but not as to the October 2, 1996 original judgment.
The Fourth Circuit has considered this issue in Woodard v. J & M Seafood Restaurant, 413 So.2d 536 (La.App.1982). In that case the Court held that it is the original judgment which controls the time limitation. We find this reasoning to be sound. The amendment to the judgment in this case was a non-substantive change which merely corrected the calculation in accordance with LSA-C.C.P. art. |51951. It did not change any substantive rights of the parties. As the court noted in Woodard, supra, 413 So.2d at 537:
We call attention to the fact that the motion to amend the judgment does not stop *308 the execution or definitiveness of the judgment sought to be amended. This is so because only non-substantive amendments can be made.
We believe the motion for new trial must be filed timely as to the original judgment when the amended judgment makes only a non-substantive change. Because article 1951 allows the court to make a non-substantive change at any time, to rule otherwise would be to suspend the time in which to file a motion for new trial indefinitely. We find the motion for new trial was untimely filed and therefore the May 2, 1997 judgment which represents a partial grant of that motion is null. The October 2, 1996 judgment as amended on October 17, 1996 was not appealed and is final. Accordingly, we vacate the judgment appealed from and reinstate the October 2, 1996 judgment as amended on October 17,1996.
JUDGMENT VACATED.

. Bodenheimer v. Bodenheimer, 93-CA-823, 93-CA-824 (La.App. 5 Cir. 8/1/94), 641 So.2d 8.

. Bodenheimer v. Freitag, 94-2573, (La.1/6/95), 651 So.2d 251.