JAMES F. McKAY III, Chief Judge.
|,In this medical malpractice case, Jacqueline Johnson (“plaintiff’) seeks appellate review of the trial court’s December'9, 2013 judgment granting summary judgment in favor of defendant, University Healthcare System, L.C. d/b/a Tulane University Hospital and Clinic (“TUHC”). Plaintiff also appeals the August 11, 2014 judgment denying her motion for new trial. For the reasons set forth below, we reverse and remand.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
On February 8, 2002, plaintiff presented at the TUHC emergency room complaining of severe headache pain and double vision. After being admitted into the hospital, plaintiff developed an infection in her left hand at the site of an IV catheter. Some days later, plaintiff was discharged with antibiotic medication for the infection, and instructions to follow up with her primary physician. Plaintiff alleges that the infection worsened, requiring intensive IV antibiotic treatment and subsequent surgeries.
|2A medical review panel determined that TUHC did not breach the standard of care in the treatment of plaintiff. Thereafter, plaintiff filed suit against TUHC, the Tulane entity that employed the nursing staff.[1]
*93 On September 21, 2010,' the trial court granted a partial summary judgment in favor of TUHC dismissing, without prejudice, five of the negligence allegations made against the nursing staff. However, based on an affidavit of plaintiffs treating physician Dr. Edward Campbell, the trial court did not dismiss the one allegation that plaintiff was given an improper dosage of antibiotic medication upon her discharge from the hospital. Thus, the action proceeded against TUHC on that one remaining claim.
On October 7, 2013, TUHC filed ap motion to re-urge summary judgment on the basis that plaintiff had no evidence to support the remaining improper dosage claim. The matter was heard on October 25,2013. At that time, plaintiffs counsel conceded that the improper dosage claim was no longer an issue, but presented the affidavit of plaintiffs nursing expert Michelle Mid-kiff, wherein she opined that TUHC breached the standard of care on the five claims previously dismissed by summary judgment on September 21, 2010. In light of this assertion, counsel for plaintiff orally moved to be allowed to amend the petition to conform to the evidence. The trial court instructed .plaintiffs counsel to file a written motion to amend by October 28, 2013, and the matter would be set for contradictory hearing.
| RIn connection with the October 25,2013 hearing on TUHC’s re-urged motion for summary judgment, and pursuant to the trial court’s instructions, TUHC circulated a proposed judgment granting the motion. Plaintiff objected to the wording of the proposed judgment, . which dismissed TUHC with prejudice, noting that the trial court had given her time to file a written motion to amend the petition. The judgment, as proposed by TUHC, was ultimately signed on December 9, 2013. However, in the interim, plaintiffs motion for leave to amend was timely filed on October 28, 2013, and the contradictory hearing was held on November 6, 2013. At that hearing, the trial court orally, granted plaintiffs motion to amend and motion to continue the trial, stating: “I’m going to allow the amendment and as a.result of the amendment I’m going to continue the trial.” A written judgment to that effect was not signed until December 12, 2013, three days after the December 9, 2013 judgment granting TUHC’s re-urged motion for summary judgment, dismissing TUHC with prejudice.
In response to the signing of these two judgments, plaintiff filed a motion for new trial, arguing that the December 9, 2013 judgment granting TUHC’s re-urged motion for summary judgment with prejudice is inconsistent with the court’s previous rulings from the bench on October 25, 2013 and November 6, 2013, ie., granting plaintiffs motion for leave, to amend and continuing the trial. The motion for new trial was heard on February 14, 2014, and was taken under advisement.
On August 11, 2014, the trial court denied plaintiffs motion for new trial and ruled that the December 9, 2013 judgment (granting TUHC’s re-urged motion [4for summary judgment with prejudice) would be upheld because there were no genuine issues of material fact. Plaintiffs timely appeal followed.
DISCUSSION
On appeal, plaintiff asserts that the trial court erred in signing the December 9, 2013 judgment granting TUHC’s re-urged motion for summary judgment with prejudice and in denying her motion for new trial. Plaintiff submits that the December 9, 2013 judgment was signed in error because the language contained therein misrepresents the clear intent of the trial court, ie., the intent to allow plaintiff to amend her petition to re-assert the previously dismissed allegations *94 against the nurses and to go forward with the trial. We find merit in plaintiffs assertions.
It is evident from a reading of the transcripts of the hearings held on October 25, 2013, and November 6, 2013, that the trial judge intended to grant TUHC’s re-urged motion for summary judgment and to dismiss only the improper dosage claim (the claim which plaintiff conceded). It is also quite clear from the court’s oral rulings that plaintiff was permitted to amend her petition to bring back the negligence claims previously dismissed in September 2010, and move forward on those claims. This was precisely why the trial on the merits was continued.
The trial court had the opportunity to correct this error through plaintiffs motion for new trial, but failed to do so. It is well established that the substance of a judgment can be altered only by a timely motion for new tidal, nullity action, or appeal. Bates v. City of New Orleans, 2013-1153, 2013-1587, p. 14 (La.App. 4 Cir. 3/26/14), 137 So.3d 774, 784 (citing Palmer v. Leclercq, 2007-0604, p. 6 (La.App. 4 Cir. 9/24/08), 996 So.2d 21, 25); See La. C.C.P. art. 1951.[2] Here, plaintiff sought the proper procedural remedy by timely filing a motion for new trial.
At the hearing on the motion for new trial, the trial court recognized the argument set forth by plaintiff and noted various considerations in taking the matter under advisement. Below are excerpts of statements made from the bench:
So the issue becomes what was the discussion during the hearing and whether or not I seem to suggest that I was not going to sign it until after such time as they filed the amended petition, and that’s what the question is.
Procedurally what happens .generally is that if they filed their amended petition and their amended petition gets allowed and its allowed before I dismiss that other claim then you’re still there for the claims that are in the amended petition, that’s procedurally how it normally happens. So that is why I need to see what I said and what I really ruled on relative to that hearing.
I may not need to do anything. Except make sure that the judgment is clear that the dismissal is only as to the one claim, and that would be the amended judgment.
So the only thing that would happen is simply what I intended which is that the original, that your motion, that the motion that you filed [on behalf of TUHC] .would still be granted but would be specific as to the one allegation and so the other remaining allegations that are part of the amended petition would still be available to plaintiff to try, that’s what would happen.
After taking the matter under advisement, plaintiffs motion for new trial was denied, and the summary judgment dismissing TUHC from the case was allowed to stand. After our thorough review of the record, we find this ruling to be | ñin error.
It is evident from the record that the trial court intended to allow plaintiff to amend her petition to bring back the pre *95 viously dismissed allegations and grant TUHC’s re-urged motion for summary judgment only as to the improper dosage claim. Thus, we find that the December 9, 2013 judgment granting summary judgment in favor of TUHC mistakenly provided that the entire case against TUHC was dismissed with prejudice.
CONCLUSION
For the foregoing reasons, we find that the trial court erred in dismissing TUHC with prejudice from the case entirely and in denying plaintiffs motion for new trial. Under the circumstances, a new trial should have been granted for the purpose of amending the December 9, 2013 judgment to conform to the trial court’s stated intentions and oral rulings. More specifically, summary judgment should have been granted only as to the improper dosage claim, while maintaining plaintiffs action with regard to the claims brought back via her amended petition. Accordingly, we reverse the December 9, 2013 judgment dismissing TUHC from this action, and we reverse the judgment of the trial court denying plaintiffs motion for new trial. This matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. Plaintiff also sued the Tulane Administrators, which is the Tulane entity that employed the physicians. The Tulane Administrators are not involved in this appeal.

. Regarding amendments to final judgments, La. C.C.P. art. 1951 provides:
On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a ■ hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.