**Joycelyn FREEMAN**

v.

**ZARA'S FOOD STORE, INC., et al**

**NO. 2016-CA-0445**

Court of Appeal of Louisiana, Fourth Circuit.

November 2, 2016

Rodney Kelp Littlefield, LITTLE-FIELD LAW, LLC, 639 Loyola Avenue, Suite 1820, New Orleans, LA 70113, COUNSEL FOR PLAINTIFF/APPEL-LEE

Susanne W. Jernigan, THE JERNI-GAN LAW FIRM, L.L.C., 829 Baronne Street, New Orleans, LA 70113, COUN-SEL FOR DEFENDANT/APPELLANT

(Court composed of Chief Judge James F. McKay, III, Judge Daniel L. Dysart, Judge Rosemary Ledet)

Judge Rosemary Ledet

This is a suit for damages. The plaintiff, Joycelyn Freeman, commenced this suit against her former boss, Joseph Zara, and employer, Zara's Food Store, Inc. (collectively "Defendants"). Ms. Freeman alleged an on-the-job sexual battery, sexual harassment, and retaliatory firing.[1] From the trial court's amended August 27, 2015 judgment in Ms. Freeman's favor, Defendants appeal. For the reasons that follow, we vacate both the trial court's amended August 27, 2015 judgment and its May 28, 2014 judgment and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1989, Ms. Freeman began working as a cashier at Zara's, a supermarket in New Orleans, Louisiana. Following Hurricane Katrina, which struck the New Orleans area in August 2005, Ms. Freeman evacuated to Albuquerque, New Mexico. In June 2011, she returned to New Orleans. During the following month, she returned to work at Zara's. She continued to work at Zara's until October 2012. According to Ms. Freeman, Mr. Zara was the owner and manager of Zara's and her boss during the entire eighteen years she worked at Zara's.

The incident in question occurred on October 5, 2012, while Ms. Freeman was at the cash register working. When she bent over to get something in the drawer beneath the cash register, she felt Mr. Zara swipe her from behind. By swipe her, she clarified that she meant "[f]rom my vagina to my butt, swiped me." In response, she "popped"—punched—Mr. Zara as he walked quickly away. Both Mr. Zara and Ms. Freeman called the police. Mr. Zara was cited and charged with battery. He eventually pled guilty and was sentenced to a thirty-day suspended sentence. Following the incident, Ms. Freeman initially was suspended for three days. Ultimately, she was fired.

On August 6, 2013, Ms. Freeman filed suit in the United States District Court for the Eastern District of Louisiana against Mr. Zara and Zara's.[2] On February 19, 2014, the federal court issued reasons for judgment and an order reflecting the court's intent to dismiss only Ms. Freeman's employment discrimination claims with prejudice; the federal court's February 19, 2014 ruling stated as follows:

> **IT IS ORDERED** that Plaintiff's [Title VII of the Civil Rights Act of 1964 ("Ti-

---

1. This case has a complicated procedural background spanning both federal and state court.

2. On June 20, 2013, Ms. Freeman filed an employment discrimination claim with the Louisiana Commission on Human Rights alleging both state and federal claims. In her claim form she averred the following:

   i. I was hired by Zara's ... in 1989. [O]n October 5, 2012, I was sexually harassed and assaulted by the owner Mr. Joseph Zara. I rejected his sexual advances. After he made those sexually offensive actions, he suspended me for 3 days. Around the same time, a voice message was left on my phone by Norma Bond, Mr. Zara's fiancée, where she told me not to come back to work.

   ii. No reason was provided for the discharge, but I believe it was because I had complained to the police about the sexual harassment and the assault.

On June 27, 2013, the Equal Employment Opportunity Commission mailed Ms. Freeman a right to sue letter, notifying her that it was closing the file on this charge because Zara's employed less than the required number of employees, or it was not otherwise covered by the statute.

tle VII")] Title VII claims and [Louisiana Employment Discrimination Law ("LEDL")] LEDL claim are **DISMISSED WITH PREJUDICE.**[3]

**IT IS FURTHER ORDERED** that Plaintiff's remaining state law claims are **DISMISSED WITHOUT PREJUDICE.**

Contrary to its earlier ruling, the federal court rendered judgment on February 24, 2014 dismissing all Ms. Freeman's claim; the federal court's judgment stated as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of defendants, Zara's Food Store, Inc. and Joseph Zara and against plaintiff, Joycelyn Freeman, dismissing the plaintiff's suit with prejudice.

On February 25, 2014, the day after the federal court rendered its judgment dismissing the matter in its entirety, Ms. Freeman filed the instant suit in state court.[4] Defendants failed to answer the petition. On May 21, 2014, Ms. Freeman filed a Motion for Preliminary Default, which was entered. On May 28, 2014, a hearing was held before the duty judge to confirm the default judgment. At that hearing, Ms. Freeman was the sole witness. At the end of the hearing, the duty judge signed the following judgment:

> After considering the testimony of Joycelyn Freeman and all the evidence and facts presented and for good cause shown:
>
> **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of the plaintiff, Joycelyn Freeman, in the amount of ninety two thousand one hundred ninety seven and 50/100 ($92,197.50) DOLLARS with interest from the date of judicial demand.

At the duty judge's request,[5] the names and addresses of both defendants were typed below the trial court judge's signature on the bottom left corner of the judgment as follows:

> Joseph P. Zara
>
> 1325 Nursery Place
>
> Metairie, LA 70005
>
> Zara's Food Store, Inc.
>
> Through its registered agent
>
> Joseph P. Zara
>
> Metairie, LA 70005

On that same day, Ms. Freeman recorded the May 28, 2014 judgment with the Orleans Parish Mortgage and Conveyance Office against any property owned by Defendants. The mortgage inscription relating to Mr. Zara's property, a copy of which is contained in the record, reads as follows:

> MIN 1159301—Judgment against Joseph Zara in favor of Joycelyn Freeman in the amount of $92,197.53, before Rodney Kelp Littlefield, Notary Public; dat-

---

3. As stated in the federal court's reasons for judgment, the federal court declined to enter a default judgment because Ms. Freeman's complaint failed to allege that Zara's employed enough employees to meet the statutory definition of an "employer" under either Title VII or the LEDL.

4. According to Ms. Freeman, the damages she sustained as a result of Mr. Zara's actions were emotional distress, mental anguish, humiliation, injury to her reputation, and lost wages.

5. On the record, the duty judge instructed Ms. Freeman's counsel as follows: "Put your bar roll number on there, as well as, on the bottom of the notice, put on there Zara's Food Store, Inc. and Joseph Zara, put the addresses on there because I have to do the notices of signing of judgment." Ms. Freeman's attorney's name and his bar roll number are handwritten on the copy of the judgment in the record. As noted, on the left hand bottom corner of the judgment is typed the names and addresses of both Defendants.

ed 5/28/14, recorded 5/28/14, N.A. # 2014-19901, CDC # 2014-1918.

On June 30, 2014, Defendants filed a "Motion to Dismiss Based upon the Peremptory Exceptions of Prescription and Res Judicata." In support, Defendants relied on the federal district court's February 24, 2014 judgment, which dismissed Ms. Freeman's federal court suit with prejudice. Based on that judgment, Defendants contended that Ms. Freeman's state court suit was barred by both res judicata and prescription. Defendants further contended that their peremptory exceptions were timely filed because "neither the judgment issued by the trial court [5nor the transcript therefrom indicate[s] that there is a judgment lodged against any defendant."[6] Opposing the Motion to Dismiss, Ms. Freeman contended that the May 28, 2014 judgment was a final judgment and that Defendants' exceptions thus were untimely filed.

On August 11, 2014, the trial court, finding merit to Defendants' exceptions, rendered judgment granting Defendants' Motion to Dismiss. On August 14, 2014, Defendants filed a Petition for Writ of Mandamus seeking an order that the May 28, 2014 judgment be removed from the mortgage records. In their Petition for Writ of Mandamus, Defendants cited the trial court's August 11, 2014 judgment granting their Motion to Dismiss.

Meanwhile, Ms. Freeman returned to federal court and filed a Motion to Amend Judgment. On August 4, 2014, the federal court issued an amended judgment.[7] In its amended judgment, the federal court ruled in Defendants' favor dismissing with prejudice Ms. Freeman's federal Title VII claims and state LEDL claims; however, the federal court "dismissed without prejudice Plaintiff's remaining state law claims."

[6On August 25, 2014, Ms. Freeman filed a Motion for New Trial from the trial court's ruling dismissing the case. In support, she attached the federal court's August 4, 2014 amended judgment. On September 30, 2014, the trial court granted Ms. Freeman's Motion for New Trial and, reversing its prior ruling, denied Defendants' Exceptions of Prescription and Res Judicata. Also, on September 30, 2014, the trial court denied Defendants' Petition for Writ of Mandamus. In its reasons for judgment, the trial court stated as follows:

This Court recently granted a Motion for New Trial filed by plaintiffs regarding Exceptions of Prescription and Res Judicata that were previously filed by defendants and granted by this Court. The Motion for New Trial reverses the

**6.** Defendants further contended the judgment could not be amended and required a resubmission for hearing. In support, Defendants pointed out that no party defendant is named in the judgment; that there is no indication that one or both parties were held liable, individually; and that there was no prayer for relief requesting that the parties be held liable jointly, severally or in solido. Citing La. C.C.P. Art. 1951, Defendants pointed out that an amendment to a judgment is permissible only to alter phraseology not substance. Defendants contend that amending a judgment to add a party is substantive. *See Duplessis v. Warren Petroleum, Inc.*, 95–1794, p. 1, n. 1 (La.App. 4 Cir. 3/27/96), 672 So.2d 1019, 1021 (noting that "[t]he addition of a party to

a judgment is not a typographical or calculation error, and cannot be amended by the court at any time under La. C.C.P. Art. 1951. Such an addition is a substantive change which can only be made pursuant to a motion for new trial filed within seven days of the judgment exclusive of legal holidays."). This is the same issue presented now on appeal, albeit arising out of Ms. Freeman's subsequently filed Motion to Amend the May 28, 2014 judgment.

**7.** In their appellant brief, Defendants acknowledge that this amendment by the federal court "was clerical in nature as it was amended merely to comport with the [prior] order."

granting of these Exceptions. It is this Court's opinion that the Granting of the Motion for New Trial renders the Petition for Writ of Mandamus premature at this time.

From the trial court's September 30, 2014 judgment granting Ms. Freeman's Motion for New Trial, Defendants filed a writ application with this court, which was denied. *Freeman v. Joseph Zara, et al.*, 14–1330 (La. App. 4 Cir. 12/1/14) (*unpub.*).

On April 23, 2015, Ms. Freeman filed a Motion to Amend the May 28, 2014 judgment to clarify that it was rendered against Mr. Zara and Zara's. Defendants opposed the Motion to Amend. At the hearing on the Motion to Amend, the trial court orally reasoned that she was merely correcting the May 28, 2014 judgment to reflect the intent of the duty judge who rendered it. The trial court noted that, in reading the transcript of the default judgment hearing, when the duty judge instructed Ms. Freeman's counsel to put Defendants' names on the judgment, it was clear that the duty judge's intent was to cast Defendants in judgment. The transcript from the August 7, 2015 hearing on the Motion to Amend, reflects the following colloquy between Defendants' counsel and the trial court judge on this issue:

> MS. JERNIGAN [DEFENDANTS' COUNSEL]:
>
> In the interim, amending this judgment to name the parties when they were not named in the judgment itself, nor in the proceedings was there any fault allocated, nor—they were not alleged to be joint tortfeasors. They're not liable in solido. Mr. Littlefield [Ms. Freeman's counsel] asserted vicarious liability because Mr. Zara was an employee of the grocery. And, therefore, he was not opposed. Fault could have been allocated any way it was, but there was no fault allocated any way it was, but there was no fault allocated. And to cast them both in judgment would be a substantive amendment.
>
> THE COURT:
>
> I read the transcript. And it is clear that the [duty] judge—who did not prepare the judgment, and she asked one of the attorneys to prepare it—
>
> MS. JERNIGAN:
>
> That would be Mr. Littlefield [Ms. Freeman's counsel] because there was no other attorney.
>
> THE COURT:
>
> Yes. But she [the duty judge] said—she made reference to both Zara and Zara's Food Store, and she instructed counsel for Ms. Freeman to put them both in.
>
> MS. JERNIGAN:
>
> Your Honor, I believe she said put their names and addresses so they can receive notice of judgment. She didn't say anything about casting them in judgment.
>
> THE COURT:
>
> Well, I think it's clear from the transcript that that was the intent of her order, so I'm going to grant the motion to amend.

On August 27, 2015, the trial court thus rendered an amendment judgment, which stated:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the original Judgment be amended to state that "there be judgment in in favor of the plaintiff, Joycelyn Freeman, in the amount of NINETY TWO THOUSAND ONE HUNDRED NINETY SEVEN and 50/100 ($92,197.50) DOLLARS and against the defendants Joseph Zara and Zara's Food Store, Inc., with interest from the date of judicial demand.

On September 4, 2015, Defendants filed a Motion for New Trial. Ms. Freeman opposed the Motion for New Trial on the procedural basis that it was untimely and on the substantive basis that it was without merit. On December 8, 2015, the trial court denied the Motion for New Trial, but expressly ruled that it was timely filed. This appeal followed.

## DISCUSSION

On appeal, Defendants assign four errors, which are as follows:

1. The trial court erred in granting a judgment in favor of Plaintiff-Appellee on May 28, 2014, for emotional distress she suffered based upon retaliatory firing for her complaint of sexual harassment, as all state and federal employment claims had been dismissed with prejudice by a federal court.

2. The trial court erred, as a matter of law in denying Defendants-Appellant's Motion to Dismiss based on Res Judicata.

3. The trial court erred as a matter of law in granting, on August 27, 2015, plaintiff's Motion to Amend the Judgment of May 28, 2014.

4. The trial court abused its discretion and committed legal error in denying defendants' Motion for New Trial on November 13, 2015.

Because we find the third assignment of error dispositive, we pretermit addressing the other three.

*Timeliness of the appeal*

Ms. Freeman contends that Defendants appeal was untimely filed. In support, she cites the jurisprudence holding that when an amended judgment makes only non-substantive changes, the motion for new trial must be filed timely as to the original judgment. *See Bodenheimer v. Boden-heimer*, 97–1118, 97–1119, p. 5 (La.App. 5 Cir. 3/11/98), 709 So.2d 306, 308; *Woodard v. J & M Seafood |₂Restaurant*, 413 So.2d 536, 537 (La. App. 4th Cir. 1982); *see also* 1 Frank L. Maraist and Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 13:1 (2015) ("*Maraist & Lemmon*") (noting that "the delay for appealing a final judgment is not affected by the filing or the pendency of a motion to amend, or by the signing of an amended judgment."). She contends that, in this case, the amendment was non-substantive and thus the time to file a motion for new trial—and likewise the appeal delay—ran from the date of the May 28, 2014 judgment.

Defendants counter that the trial court, on the record at the November 13, 2015 hearing on Defendants' Motion for New Trial, stated that the amendment to the May 28, 2014 judgment "was a substantive amendment." Relying on this classification of the amendment, the trial court rejected Ms. Freeman's argument that Defendants' Motion for New Trial was not timely filed. As discussed elsewhere in this opinion, we find that the amendment was substantive. Thus, we find, contrary to Ms. Freeman's contention, that Defendants' motion for new trial and their appeal were timely filed.

*Standard of Review*

■ The question of whether the Motion to Amend was properly granted, as Defendants note, is a question of law. "Pure questions of law are reviewed under a de novo standard 'without deference to the legal conclusions of the courts below.' " *Bates v. City of New Orleans*, 13–1153, 2013–1157, p. 8 (La.App. 4 Cir. 3/26/14), 137 So.3d 774, 780 (quoting *Durio v. Horace Mann Ins. Co.*, 11–0084, p. 14 (La. 10/25/11), 74 So.3d 1159, 1168); *see also Burnette v. Stalder*, 00–2167, p. 5 (La. 6/29/01), 789 So.2d 573, 577 (noting that a

*de novo* review standard applies to issues of statutory construction); *Ohm Lounge, L.L.C. v. Royal St. Charles Hotel*[10] *L.L.C.,* 10–1303, p. 4 (La.App. 4 Cir. 9/21/11), 75 So.3d 471, 474 (noting that "the standard of review of an appellate court is simply whether the court's interpretive decision is legally correct.").[8]

Motions to amend judgments are governed by La. C.C.P. Art 1951, which provides as follows:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

By its terms, La. C.C.P. Art. 1951 applies only to a "final judgment." Thus, the first issue we must address is whether the May 28, 2014, as reinstated on September 30, 2014, is a final judgment to which La. C.C.P. Art. 1951 applies.

### Final judgment requirement

■ The jurisprudence construing the limitation on the application of La. C.C.P. Art. 1951 to final judgments has focused on the distinction between interlocutory and final judgments.[9] This distinction is made in La. C.C.P. Art. 1841, which [11]defines a judgment as "the determination of the rights of the parties in an action;" and divides judgments into two categories—interlocutory judgments, which are those that do not determine the merits, but only preliminary matters; and final judgments, which are those that determine the merits, either in whole or in part. La. C.C.P. Art. 1841.

■ Another pertinent provision is La. C.C.P. Art. 1918, which provides that "[a] final judgment shall be identified as such by appropriate language." The jurisprudence has construed La. C.C.P. Art. 1918 to mean that a final, appealable judgment

---

8. To the extent the facts of this case impact the issue before us, the relevant facts are undisputed. " 'In a case involving no dispute regarding material facts, but only the determination of a legal issue, a reviewing court must apply the de novo standard of review, under which the trial court's legal conclusions are not entitled to deference.' " *Felix v. Safeway Ins. Co.*, 15–0701, p. 6 (La.App. 4 Cir. 12/16/15), 183 So.3d 627, 631 (quoting *TCC Contractors, Inc. v. Hosp. Serv. Dist. No. 3 of Parish of Lafourche*, 10–0685, p. 8 (La. App. 1 Cir. 12/8/10), 52 So.3d 1103, 1108); *see also Benson v. ABC Ins. Co.*, 12–517, 12–385, p. 2 (La.App. 3 Cir. 11/7/12), 106 So.3d 143, 145.

9. *See* 3 Judge Steven R. Plotkin and Mary Beth Akin, LOUISIANA PRACTICE SERIES: LOUISIANA CIVIL PROCEDURE, Article 1841, Commentary (2016 ed.) (noting that "classification of a judgment as final or interlocutory determines whether the trial judge may later change the substance of the judgment on his own order," that "[f]inal judgments may not be changed by trial judges except under very limited circumstances," and citing La. C.C.P. Art. 1951); *see also Winstead v. Ed's Live Catfish & Seafood, Inc.*, 554 So.2d 1237, 1241 (La. App. 1st Cir. 1989) (finding La. C.C.P. Art. 1951 inapplicable to a ruling on the applicability of this statute since it was not a final judgment under La.C.C.P. 1841); *McCrea v. Mobil Oil Corp.*, 95–0537, p. 6 (La.App. 4 Cir. 9/28/95), 662 So.2d 143, 147 (finding La. C.C.P. Art. 1951 inapplicable to a ruling on a venue exception, which was an interlocutory judgment); *State v. Shaddinger*, 97–439, pp. 8–9 (La.App. 5 Cir. 10/28/97), 702 So.2d 965, 969 (holding that judgment which ordered simultaneous paternity testing of both the defendant and his brother was interlocutory in that it did not determine the merits of the paternity case and thus was not governed by La. C.C.P. Art. 1951 such that a second judge could amend the judgment).

is required to include decretal language, including the name of the party cast in judgment. *See Bd. of Sup'rs of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.,* 14–0506, pp. 2–3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910.[10] Although Defendants contend that the May 28, 2014 judgment is not a final judgment subject to amendment because it lacks decretal [12]language,[11] the requirement that judgment contain decretal language generally has been addressed in the context of determining whether there is a final, appealable judgment. The issue here, albeit similar, is not whether the May 28, 2014 judgment is a final, appealable one; rather, the issue is whether the trial court could properly amend the judgment that was rendered by another judge (the duty judge),[12] reinstated by yet another judge,[13] and the subject of a motion to amend before a third judge. Defendants also emphasize that the judgment was "recorded like a final judgment but in fact is not a final judgment." Nonetheless, Defendants, in their appellants' brief, note that "for the purpose of this appeal, the Zaras [Defendants] proceed as if the [May 28, 2014] judgment was a final judgment and capable of amendment."

Given the unusual procedural conundrum presented here, we find this is the appropriate approach. We thus, as Defendants suggest, consider the May 28, 2014 judgment as a "final judgment" for purposes of applying La. C.C.P. Art. 1951.

[13]*Application of La. C.C.P. Art. 1951*

█ In *Bates*, this court outlined the following well-settled parameters regarding a court's authority to amend a final judgment pursuant to La. C.C.P. Art. 1951:

- "Article 1951 contemplates the correction of a 'clerical error' in a final judg-

**10.** As we noted in *Mid City Holdings*:

" 'A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied.' " *Palumbo v. Shapiro,* 11–0769, p. 5 (La.App. 4 Cir. 12/14/11), 81 So.3d 923, 927, quoting *Input/Output Marine [Systems, Inc. v. Wilson Greatbatch, Technologies, Inc.*], 10–477 (La.App. 5 Cir. 10/29/10) ], p. 13, 52 So.3d [909,] 916. "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine,* 10–477, p. 13; 52 So.3d at 916.

*Id.; see also Tsegaye v. City of New Orleans,* 15–0676, p. 3 (La.App. 4 Cir. 12/18/15), 183 So.3d 705, 710, *writ denied,* 16–0119 (La. 3/4/16), 188 So.3d 1064.

**11.** In support, Defendants cited *Gros v. STMG Lapeyre, LLC,* 14–0848 (La.App. 1 Cir. 5/6/15), 2015 WL 2169680, p.*4 (*unpub.*), which held that "[a] judgment that does not contain decretal language cannot be considered as a final judgment." *Id.* Defendants also cited the jurisprudence holding that the failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced. *See Borg–Warner Acceptance Corp. v. Whitlow Truck Ctr.,* 508 So.2d 857, 859 (La. App. 5th Cir. 1987).

**12.** Although the trial court's May 28, 2014 confirming the default judgment was intended to decide the merits, it lacked decretal language—it failed to cast any defendant in judgment.

**13.** The judgment was reinstated on September 30, 2014, when the trial court reversed its initial ruling dismissing the case on Defendants' peremptory exceptions of res judicata and prescription and granted Ms. Freeman's motion for new trial. We note that it is questionable whether the trial court could reinstate the May 28, 2014 judgment. *See Condon v. Logan,* 15–0797, p. 8 (La.App. 4 Cir. 3/30/16), 190 So.3d 778, 783–84 (noting that "[t]he granting of a new trial has the effect of vacating and setting aside the original judgment."). Given our disposition of this matter, we decline to reach this issue.

ment, but does not authorize substantive amendments."

- An amendment that "adds to, subtracts from, or in any way affects the substance of a judgment, is considered a substantive amendment."
- The substance of a judgment can be altered only by a timely motion for new trial, nullity action, or appeal.
- "The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error."
- "La. C.C.P. art.1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is controlling, even if the trial judge may have intended otherwise."
- A trial court's authority on a motion to enforce a final judgment is limited to enforcing its judgment as written.
- Substantive amendments to judgments made without recourse to the proper procedures—a timely motion for a new trial or an appeal—are absolute nullities.
- The remedy generally granted by an appellate court when it finds an improper substantive amendment has been made to a final judgment is to set aside and annul the amending judgment and to reinstate the original judgment.

*Bates*, 13–1153 at pp. 14–15, 137 So.3d at 784–85 (internal citations omitted).

■ Generally, the dispute regarding whether a final judgment can be amended under Article 1951 turns on whether the amendment to the judgment is a permissible alteration of phraseology or whether it is an impermissible alteration of substance.

"The jurisprudence distinguishing between 'phraseology' and 'substance' has been inconsistent." *Maraist & Lemmon*, § 13:1. Nonetheless, "an amendment generally is permissible if it 'takes nothing from or adds nothing to the original judgment.'" *Id.* (quoting *Villaume v. Villaume*, 363 So.2d 448, 450 (La. 1978)).

■ The jurisprudence on the issue of whether it is permissible to amend a judgment to correct an error in the name of the party cast in judgment is "unsettled." *Id.* The general rule is that an amendment to add a party to a judgment is a change of substance, not of phraseology, that can only be accomplished by motion for a new trial or on appeal. *Derouen v. Quintana Petroleum*, 626 So.2d 1181 (La. 1993) (Lemmon, J., concurring) (noting that "[t]he amended judgment substituted one party defendant for another and this violated La.Code Civ.Proc. Art. 1951."). *See also Teague v. Barnes*, 519 So.2d 817 (La. App. 5th Cir. 1988). In cases involving only one defendant, however, the jurisprudence has recognized that "when the identity of the defendant is fixed with certainty, the amendment of the judgment to correctly reflect the name of the defendant is not a substantive change." *Dubose v. Plant Depot*, 05–1149, p. 5 (La.App. 4 Cir. 5/17/06), 933 So.2d 814, 817.

■ In multiple defendant cases, the general rule is that failure to name the particular defendant cast in judgment results in the invalidity of the judgment. Gail S. Stephenson, *Drafting Lucid, Unmistakable (and Valid) Judgments*, 56 La. B.J. 181 (Oct./Nov. 2008) (citing *Reaux v. City of New Orleans*, 01–1585 (La.App. 4 Cir. 3/20/02), 815 So.2d 191, 194; *Scott v. State of Louisiana*, 525 So.2d 689, 691 (La. App. 1st Cir. 1988); and *Borg–Warner Acceptance Corp. v. Whitlow Truck Ctr.*, 508 So.2d 857, 859 (La. App. 5th Cir. 1987)). The cited line of jurisprudence stands for

the proposition that "[t]he failure to name the defendant against whom the judgment is rendered in a case with multiple defendants makes the judgment fatally defective, because one cannot discern from its face against whom it may be enforced." *Jenkins v. Recovery Tech. Inv'rs*, 02–1788, p. 3 (La.App. 1 Cir. 6/27/03), 858 So.2d 598, 600 (citing *Scott*, 525 So.2d at 691)).[14] Moreover, such a judgment "does not determine the rights of the parties because it does not cast any defendant in judgment and it does not express the degree of fault of each defendant as a percentage." *Scott*, 525 So.2d at 691.[15]

Applying these principles, we find, as Defendants contend, that the amendment adding Defendants' names—Joseph Zara and Zara's Food Store, Inc.—was a substantive amendment. We further find, contrary to Ms. Freeman's contention, that *Cross v. Timber Trails Apartments*, 06–1037 (La.App. 3 Cir. 2/7/07), 949 So.2d 616, does not support a contrary result. Nonetheless, given Ms. Freeman's contention that *Cross* is directly on point coupled with the extensive analysis in *Cross* of the issue presented here regarding an amendment to add multiple defendants, we find it appropriate to first summarize *Cross* and then distinguish it from the instant case.

### The *Cross* case

The *Cross* case was a personal injury suit for injuries a tenant sustained when he slipped on the steps outside his apartment. The plaintiffs, the Crosses, filed suit naming four defendants as the owners or operators of the apartment. Throughout the litigation, the four defendants were referred to collectively as "the defendants." Following a bench trial, judgment was rendered allocating 100% of the fault to "the defendants" and awarding damages. The final judgment awarded damages in favor of the plaintiffs and "ORDERED, ADJUDGED AND DECREED that defendants are cast with all costs of court." *Cross*, 06–1037 at p. 3, 949 So.2d at 618. The defendants appealed the judgment, and the appellate court affirmed. *Cross v. Timber Trails Apartments*, 04–1623, p. 1 (La.App. 3 Cir. 4/6/05), 899 So.2d 853, 854. Thereafter, as part of their efforts to collect the judgment, the Crosses filed a motion to amend the original judgment to insert the actual names of the four defendants into the judgment. The defendants objected arguing the amendment would be substantive. The same trial judge who presided over the trial granted the motion to amend. The defendants then filed a motion for new trial. Denying that motion, the trial judge reasoned that "the defendants named in the amended judgment were the parties that had 'been in the case since day one.'" *Cross*, 06–1037 at p. 5, 949 So.2d at 619. The trial judge further reasoned that the changes "were

---

**14.** In *Cross v. Timber Trails Apartments*, 06–1037 (La.App. 3 Cir. 2/7/07), 949 So.2d 616, the court distinguishes this principle, citing *Siekmann v. Kern*, 136 La. 1068, 68 So. 128 (1915), for the proposition that a judgment expressed for "the plaintiff" will be sufficient, if the names of the parties thus designated can be ascertained from the record.

**15.** *See also Caillier v. Strictly Stars Touring*, 16–390, pp. 5–6 (La.App. 3 Cir. 6/22/16), 195 So.3d 1237, 1241 (dismissing appeal of default judgment for lack of decretal language, and thus lack of a final judgment, and reasoning that "[w]hile the judgment in this case clearly rules in favor of Caillier with respect to the return of the remainder of his deposit and out of pocket expenses, it casts five parties in judgment, i.e., Strictly Stars, Harrington, I Book Stars, Future, and Epic. The judgment does not set forth any determination as to whether the defendants are jointly or solidarily liable such that it is unknown what amount each defendant is obligated to pay despite the trial court's recognition that 'if I'm going to give a judgment, I need to know who owes you what.'").

merely clarifications." *Cross*, 06–1037 at p. 6, 949 So.2d at 619.

Affirming, the appellate court in *Cross* held that the amendment was not substantive for multiple reasons, including the following:

- "[T]he plaintiffs did not seek to change or substitute one named defendant for another, nor were they seeking to add a defendant to an existing list of defendants in the judgment. Rather, the Crosses sought to change the phraseology from referencing the defendants collectively in the judgment as 'the defendants,' as defense counsel himself did on numerous occasions, to specifically naming each defendant referenced. To disallow insertion of the actual names of the collectively referred to 'defendants' in the present case, would be tantamount to negating all of the relief granted to the Crosses since no defendants were cast in judgment by name on the original judgment." *Cross*, 06–1037 at p. 11, 949 So.2d at 622.

- "[T]he record is very clear that the four defendants were consistently referred to collectively as 'the defendants' throughout the litigation, all were represented by one counsel, and at no time did any one defendant appear without the other three defendants. Moreover, the four defendants in unison appealed the original judgment listing them as 'the defendants,' and we affirmed the judgment as to those four defendants. The plaintiff is not seeking to change or substitute one name for another but to insert the individual names of the four defendants who filed the previous appeal." *Cross*, 06–1037 at p. 12, 949 So.2d at 623.

- "[W]hile no defendants were named, all defendants were referenced, and therefore, no defendants are being added to the judgment. Rather, the group of four collectively referred to in the judgment and other pleadings as 'the defendants' are merely being specifically named without changing the substance of the judgment." *Cross*, 06–1037 at p. 13, 949 So.2d at 623.

- "[T]he judgment in favor of the Crosses casts no named defendant in judgment. Rather, the four defendants are referred to generally and collectively as 'defendants' in the opening and closing paragraphs of the judgment. Listing the four referred-to 'defendants' in the amended judgment does not alter the substance of the original judgment or grant additional relief. Rather, the amendment clarifies the identity of the four original defendants whose names appear repeatedly in the record, and whose own attorney referenced 'collectively as defendants.'" *Cross*, 06–1037 at p. 14, 949 So.2d at 624.

Finally, the appellate court in *Cross* analogized the facts before it to those in the *Dubose* case in which this court held that "when the identity of the defendant is fixed with certainty, the amendment of the judgment to correctly reflect the name of the defendant is not a substantive change." *Dubose*, 05–1149 at p. 5, 933 So.2d at 817. As in *Dubose*, the appellate court in *Cross* concluded that "the names of the four defendants were fixed with certainty throughout the litigation" and that "[t]he amendment of that judgment by the trial court has clearly done nothing to change the substance of the judgment that we ruled upon in that case." *Cross*, 06–1037 at pp. 16–17, 949 So.2d at 625.

Unlike in *Cross* in which the judgment reference "the defendants" collectively, in this case no defendant was cast in the May

28, 2014 judgment. Here, Defendants' names and addresses simply were listed on the judgment below the judge's signature. Unlike in *Cross* in which the defendants were allocated 100% of the fault,[16] here there was no finding by the duty judge that Defendants were equally responsible for Ms. Freeman's damages. Stated otherwise, the duty judge in this case neither indicated any division of responsibility for the damages, nor allocated fault.[17] Nor does Ms. Freeman's petition allege either joint or solidary [19] liability between Defendants.[18] Thus, to amend the judgment to name both Zara's and Mr. Zara, as if they were joint or solidary obligors, is a substantive amendment of the judgment. *See Dietz v. Dietz*, 13–186, p. 6 (La.App. 3 Cir. 11/6/13), 128 So.3d 1215, 1219 (noting that "[t]he determination of the trial court to apply either La.Civ.Code Art. 2323, requiring a determination of fault as between the parties, or La.Civ.Code Art. 2324, which imposes solidary liability on the parties to a conspiracy, is substantive in nature"). For all these reasons, Ms. Freeman's reliance on the *Cross* case is misplaced.

Nor was the trial court's amendment of the judgment to reflect the duty judge's intent authorized by La. C.C.P. Art. 1951. As the Louisiana Supreme Court explained in *Hebert v. Hebert*, 351 So.2d 1199, 1200 (La. 1977), "the notion that the substance of the judge's oral remarks should govern instead of the substance of the written judgment could not have been the legislative intent [in enacting La. C.C.P. Art. 1951] because it would destroy the integrity of written judgments as evidence and public record of the court's decree." *Id.* "It is well established that the substance of a judgment can be altered only by a timely motion for new trial, nullity action, or appeal." *Johnson v. Tulane Univ. Hosp. & Clinic*, 14–1410, pp. 4–5 [20] (La.App. 4 Cir. 7/1/15), 174 So.3d 91, 94, *writ denied*, 15–1480 (La. 11/6/15), 180 So.3d 307 (citing *Bates*, 13–1153, 13–1587 at p. 14, 137 So.3d at 784).

Given the unique circumstances presented here coupled with the pending separate nullity action, we find it inappropriate to impose the remedy generally granted by an appellate court when it finds an improper substantive amendment has been made to a final judgment—vacate the amending judgment, reinstate the original judgment, and remand. *Bates*, 13–1153 at p. 15, 137 So.3d at 785. Instead, we find the appropriate remedy here is to vacate not only the amending judgment but also the original judgment and remand for further proceedings. *See Barnes v. L.M. Massey, Inc.*, 612 So.2d 120, 122 (La. App. 1st Cir. 1992) (noting that "[e]very party involved in this

16. Unlike in *Cross*, the original judgment in this case was the result of a default judgment, not a trial.

17. Defendants point out that the judgment fails to conform with the requirements of La. C.C.P. Art. 1917 B, which imposes the following requirement:

In nonjury cases to recover damages for injury, death, or loss, whether or not requested to do so by a party, the court shall make specific findings that shall include those matters to which reference is made in Paragraph C of Article 1812 of this Code. La. C.C.P. Art. 1812 C requires the court, at the request of any party, to submit special written questions to the jury regarding whether another person, whether a party or not, was at fault and, if so, whether such fault was the legal cause of the damages and the degree of such fault.

18. Ms. Freeman asserted in her petition that Zara's was vicariously liable for Mr. Zara's acts. Moreover, she asserted several causes of action including a battery committed by Mr. Zara, retaliatory discharge for complaining of sexual harassment, and sex discrimination. Finally, she asserted that "[t]he unlawful employment practices were intentional and were done with malice or reckless indifference to the rights of the plaintiff."

litigation has committed various errors and/or omissions which contributed to the procedural anomaly, which is the record before us. LSA–C.C.P. art. 2164 commands us to "render any judgment which is just, legal, and proper upon the record on appeal.").

## DECREE

For the forgoing reasons, both the amended August 27, 2015 judgment and the May 28, 2014 judgment are vacated; and this matter is remanded for further proceedings.

**AMENDED AUGUST 27, 2015 AND MAY 28, 2014 JUDGMENTS VACATED AND REMANDED**