liKLEES, Judge.
Appellant Alan J. Abadie appeals the judgment of the district court declaring him no longer a beneficiary of the Merlin A. Abadie *459 Inter Vivos Trust. Upon our review of the record, we reverse.
The Merlin A. Abadie trust was created in July of 1975 by the United States Air Force as settlor in a settlement of the tort claim brought by Alan J. Abadie and his then-wife, Carol Abadie, on behalf of their minor child, Merlin.[1] Merlin is the first beneficiary of the Trust; the funds are primarily used for his considerable health care expenses. However, Alan and Carol were described within the instrument, respectively, as the second and third beneficiaries of the Trust. Each received a payment of $50,000.00 at the outset, to compensate them for mental anguish; furthermore, the instrument provided for an annual payment of $5,000.00 to be paid to the Abadies jointly, “as compensation for extraordinary services they may have rendered the First Beneficiary during the preceding-calendar year because of his medical condition.” This money was to be paid as long as Merlin remained in the family home and was not institutionalized.
The Abadies were legally separated in June of 1978, and divorced in January of 1980. Merlin remained in the custody of Carol Abadie, who remarried and is now Carol Melancon. The Trust instrument contained no provisions as to how or if the Trust was to be modified upon the dissolution of the parents’ marriage. This has created some difficulties over the years, beginning with Carol and Alan’s disagreement as to how the annual payment of $5,000.00 should be disbursed. The trustee bank, First National Bank of Commerce (“FNBC”), filed an action regarding the interpretation of these Trust provisions.
In this first ease in district court, the trial judge found that the $5,000.00 was intended to compensate the parents for hands-on care given to Merlin throughout the year; since Carol had custody, and Alan had only very infrequent contact with Merlin, the trial court found that Carol should receive the entire $5,000.00. Alan appealed to this court, which affirmed that ^holding. In re Merlin A. Abadie Inter Vivos Trust, 483 So.2d 1292 (La.App. 4 Cir.1986.) (Hereinafter Abadie 1.)
The Abadie I litigation dealt only with the issue of the $5,000.00. Neither the trial court nor this court of appeal dealt directly with the issue of Alan’s status in regards to the' Trust.
Carol Abadie Melancon, her new husband, and Merlin have since moved away from Louisiana, and now reside in Nebraska. Relations between Carol and Alan have, by both their accounts, been somewhat strained in the years following their separation. Alan professes, in his brief, to have had longstanding suspicions about Carol’s administration of the funds for Merlin’s care. These suspicions were aggravated by a recent event in which Carol was apparently over-reimbursed for the purchase of a new wheelchair for Merlin. Although Carol repaid the Trust, Alan now wished to examine the Trust records and evaluate her expenditures for himself.
Trustee FNBC originally consented to this examination; Abadie was described in the Trust instrument as a beneficiary and as such should have the right to inspect these records. However, this consent was later withdrawn. FNBC was uncertain as to Alan’s status in the Trust; since he no longer received any form of compensation or benefit from the Trust, could he still be called a beneficiary?
The present suit was filed in an effort to resolve this question. The trial court found that, as Alan no longer received any benefits from the Trust, the first judgment had had the effect of removing him as a beneficiary. A second judgment was issued, stating that since Alan was no longer a beneficiary, he no longer had the right to inspect the books and records of the Trust. From this judgment he appeals.
L.C.C.P. article 1951 describes the circumstances in which a final judgment can be amended.[2] The trial court may do this *460 with or without notice, on its own motion or that of any party, to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. A judgment may only be amended where the later judgment takes nothing from or adds nothing to the original judgment. Where an amendment to a judgment adds to, subtracts from, or in any way affects the substance of this judgment, such judgment may not be amended under article" 1951. Starnes v. Asplundh Tree Expert Co., 94-1647 (La.App. 1 Cir. 10/6/95), 670 So.2d 1242. Alan argues that this second judgment by the trial court has substantially 13altered the first judgment, and as such should be considered invalid. We find merit in this argument.
Article 1951 does not permit, the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court’s actual intention. McLemore v. Fox, 609 So.2d 1209, 1211 (La.App. 3 Cir.1992.) The trial court’s written judgment is controlling even though the trial court may have intended otherwise. Starnes, supra, at 1246. A second judgment containing substantive amendments to the original judgment is an absolute nullity. Magill v. State of Louisiana, Department of Public Safety and Corrections, 27,802 (La. App. 2 Cir. 1/24/96), 666 So.2d 1260, 1263.
In Abadie I, the case and judgment focused strictly on the issue of the $5,000.00 annual payment. At no time is Alan’s continued status as a beneficiary mentioned, much less expressly revoked.
Appellee Carol Melancon argues that, since the first judgment cut off any future payments to Alan, his interest in the Trust ended there. By this reasoning, the second judgment is not a modification of Abadie I, but the only possible interpretation of its effects. However, Alan points out that his interest in the Trust is not only pecuniary; he has a continued interest in his son Merlin’s well-being, and in the continued careful management of the Trust funds that will ensure Merlin’s security. His rights as a beneficiary — including the right to inspect the books and records — do not terminate, as long as he has this important interest. It is precisely these rights which wei’e not taken into account in Abadie I, and thus forbid the second judgment’s later, broader interpretation.
Carol Abadie Melancon argued, in her brief, for sanctions for frivolous appeal; as we have found merit in Alan Abadie’s argument, we dismiss her plea for sanctions without further comment.
Accordingly, for the reasons expressed above, we reverse the judgment of the lower court and find that Alan Abadie remains a beneficiary of the Merlin A. Abadie Inter Vivos Trust.

REVERSED.

BARRY, J., concurs with reasons.
LANDRIEU, J., concurs.

. Merlin had been injured during delivery at an Air Force hospital; his injuries rendered him permanently and severely disabled.

. Absent timely motion for new trial or appeal.