MICHAEL E. KIRBY, Judge.
 

 11 Plaintiff, Norma Nichols, appeals the trial court’s denial of her motion to amend the trial court judgment rendered on January 12, 2007. We affirm for reasons that follow.
 

 The parties in this matter, Norma Nichols and Lionel Nichols, were married on March 27, 1982, and divorced by judgment signed on February 3, 2004. In that judgment, the trial court also reserved the rights of both parties to partition the community property.
 

 On May 19, 2005, Ms. Nichols filed a pleading entitled, “Motion to Add to the Petition of Divorce for Community Property.” In that pleading, Ms. Nichols addresses the issue of community property owned by the parties. She states that when she and Mr. Nichols got married, he still owned property purchased by him and his previous wife, Carolyn Causey, and this property was still encumbered by a mortgage. Ms. Nichols claims that her name was added to a second mortgage taken on the property, and that the second mortgage was paid in full.
 

 |aOn January 9, 2007, Ms. Nichols filed a pleading entitled, “Add to Petition.” She requested that the January 9, 2007 pleading supplement the petition dated May 19, 2005. In the January 9, 2007 pleading, Ms. Nichols stated that the pleading was intended to “explain the aftermath of [Hurricane] Katrina.” Ms. Nichols asked Mr. Nichols to “bring all papers and deeds for the property located at 4944 Tulip St.” Ms. Nichols alleged that the property located at 4944 Tulip Street in New Orleans was community property. Mr. Nichols asserted that this property was his separate property because he purchased the proper
 
 *136
 
 ty prior to his marriage to Ms. Nichols. Ms. Nichols further listed movable property which she alleged was also community property.
 

 The parties filed in the court a proposed consent judgment on January 12, 2007 that they both had signed regarding the community property. Ms. Nichols drafted this handwritten judgment without assistance of counsel, and the judgment was signed by the trial court on January 17, 2007. The judgment referenced immovable property located at 4944 Tulip Street in New Orleans and the movable property contained therein. By this judgment, Ms. Nichols received a settlement of $22,000.00, and Mr. Nichols agreed to be responsible for all debt relative to the property occurring after January 12, 2007. Both parties agreed that this judgment satisfied any claims by the parties as to community property.
 

 On September 13, 2007, Ms. Nichols filed a pleading entitled, “Motion for Judgment Amendment.” In that pleading, Ms. Nichols asked the trial court to amend the judgment of January 12, 2007, claiming that the amount Ms. Nichols | ^received in that judgment was less than her rightful share of the community property. Ms. Nichols alleged that Mr. Nichols rebuilt the house on Tulip Street after Hurricane Katrina with proceeds from insurance checks issued in both of their names, and with monies from the Road Home Program that was designed to provide financial assistance to Louisiana homeowners affected by Hurricanes Katrina and Rita. Ms. Nichols argued that the court should order Mr. Nichols to pay Ms. Nichols for her share of the monies used to rebuild the property.
 

 On November 7, 2007, the trial court denied Ms. Nichols’ “Motion for Judgment Amendment.” In reasons for judgment, the trial court stated that Ms. Nichols was seeking to amend the January 2007 judgment to award her a portion of monies received by Mr. Nichols as a result of damage to property caused by Hurricane Katrina. The court found that Ms. Nichols was seeking to substantively amend a judgment, which is prohibited by La. C.C.P. article 1951. Ms. Nichols now appeals the November 7, 2007 judgment.
 

 Prior to submission of this appeal, this Court ordered the parties to file supplemental briefs on the issue of the appeala-bility of the November 7, 2007 judgment. After reviewing the supplemental briefs of the parties and the applicable law, we conclude that the November 7, 2007 judgment is a final appealable judgment in that it disposed of all of the remaining issues between the parties.
 

 On appeal, Ms. Nichols argues that the trial court erred in denying her motion to amend the judgment of January 12, 2007. Ms. Nichols argues that her 14amendment seeks to correct errors in calculation and phraseology, which is allowed under La. C.C.P. article 1951. She also suggests that Mr. Nichols committed fraud in wrongfully allowing the Road Home Program to make its check payable to Mr. Nichols and his former wife.
 

 La. C.C.P. article 1951 states:
 

 A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or
 

 (1) To alter the phraseology of the judgment,
 
 but not the substance;
 
 or
 

 (2) To correct errors of calculation.
 

 (Emphasis ours.)
 

 An amendment to a judgment that adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment.
 
 McGee v. Wilkinson,
 
 2003-1178, p. 3 (La. App. 1 Cir. 4/2/04), 878 So.2d 552, 554. To alter the substance of a judgment, the
 
 *137
 
 proper recourse is a timely application for new trial, an action for nullity, or a timely appeal.
 
 Id.
 

 We find no merit in Ms. Nichols arguments that her motion to amend the January 2007 judgment was filed for the purpose of altering the phraseology of the judgment and/or correcting errors of calculation. The January 2007 judgment stipulated the specific figure of $22,000.00, which Ms. Nichols agreed to accept as her share of the community property between her and Mr. Nichols. In her motion to amend, Ms. Nichols is seeking to be awarded a share of insurance and Road Home Program monies received by her ex-husband
 
 after
 
 the January 2007 consent judgment was entered. Such an award would add to the substance of the January | ,-,2007 judgment, and therefore would be a substantive amendment, which is prohibited by La. C.C.P. article 1951.
 

 Furthermore, Ms. Nichols personally drafted the judgment that settled the community property claims between the parties. The Louisiana Supreme Court has held that courts construe ambiguities of an agreement against the drafter of the agreement.
 
 Robinson v. Robinson,
 
 99-3097, p. 18 (La.1/17/01), 778 So.2d 1105, 1122. The Court noted that this rule depends on whether there are any ambiguities present.
 
 Id.
 

 The judgment drafted by Ms. Nichols and signed by both parties and the trial court includes the following clauses, among others:
 

 I, Norma C. Nichols are satisfy with closing all files in relation to the community property located at 4944 Tulip St. That’s includes movable and unmovable property.
 

 I, Norma C. Nichols wish to no further bring any law suit, or any other legal actions against the defendant, Lionel Nichols in regards to the say community property. In regards to the community property which occur doing the marriage between the petitioner Norma Nichols Lionel Nichols defendant with a settlement of $22,000.00.
 

 It is Further Ordered, Adjudged and Decreed that and Judgment for Community hereby be satisfied. [Quoted verbatim.]
 

 In this case, we find no ambiguities in the consent judgment on the issue of the finalization of the community property claims between the parties. The judgment states that the intention of the parties was to settle all claims regarding community property. According to the agreement, Ms. Nichols received a settlement of $22,000.00 and Mr. Nichols agreed to be responsible for all debt, including mortgages and bills, relating to the immovable property occurring after | (iJanuary 12, 2007.
 
 [1]
 
 Ms. Nichols cannot amend the community property settlement to include monies received by Mr. Nichols from insurance and the Road Home Program after the January 2007 judgment was entered.
 

 For the reasons stated above, the trial court judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Furthermore, Ms. Nichols acknowledged in her Rule to Use the Family Home and in her Motion to Add to the Petition of Divorce for Community Property that Lionel Nichols purchased the immovable property at 4944 Tulip Street with his previous wife. Although Ms. Nichols alleged that her name was on a second mortgage for the property that was paid in full prior to the January 2007 judgment, no evidence was presented to show that she was ever an owner of the property.