| | | |
|---|---|---|
| **MERCATO ELISIO, L.L.C.** | * | **NO. 2022-CA-0228** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **CITY OF NEW ORLEANS,** | * | |
| **NEW ORLEANS HISTORIC** | | **FOURTH CIRCUIT** |
| **DISTRICT LANDMARKS** | * | |
| **COMMISSION AND JOHN** | | **STATE OF LOUISIANA** |
| **DEVENEY** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2013-03057, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Pro Tempore James F. McKay III**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Pro Tempore James F. McKay III)


**LOBRANO, J., CONCURS IN THE RESULT**

AMANDA J. OLMSTED
RAVI K. SANGISETTY
SANGISETTY LAW FIRM, LLC
3914 Canal Street
New Orleans, LA 70119
    COUNSEL FOR PLAINTIFF/APPELLEE

PAUL J. VERLANDER
AUSTIN T. WELCH
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
    COUNSEL FOR DEFENDANT/APPELLANT


**AMENDED JUDGMENT VACATED;
ORIGINAL JUDGMENT REINSTATED**

**DECEMBER 21, 2022**

This matter arises out of a public records request and Petition for Writ of Mandamus and Civil Penalties filed by Mercato Elisio, LLC ("Mercato") against the City of New Orleans ("the City"), John Deveney ("Appellant"), a Commissioner with the New Orleans Historic Landmark Commission ("HDLC"), and the HDLC, contending that the City, the HDLC, and Commissioner Deveney only partially produced responses to his public records request. The trial court found in favor of Mercato and determined that he was entitled to attorney's fees and costs. After a hearing, the trial court signed a judgment awarding attorney's fees and costs to Mercato. Mercato filed a motion for new trial, contending that the City and John Deveney should be liable *in solido* for the attorney's fees and costs. The trial court signed a judgment on September 30, 2020, ordering that "the City of New Orleans and Commissioner John Deveney" were "liable, *in solido*, for the award of attorney fees previously granted by this Court." Mercato subsequently filed a Motion to Amend to Alter Phraseology Pursuant to Louisiana Code of Civil Procedure Article 1951 with respect to the September 30, 2020 judgment. The trial court granted Mercato's motion to amend on January 5, 2022, removing the official title designation "Commissioner" from the September 30,

1

2020 judgment. John Deveney appeals the trial court's January 5, 2022 judgment assessing attorney's fees and costs against him individually.

For the following reasons, we vacate the trial court's January 5, 2022 judgment and reinstate the September 30, 2020 judgment.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Mercato originally sought to develop an apartment complex in New Orleans, but the HDLC did not approve the development. *Mercato Elisio, L.L.C. v. City of New Orleans*, 2018-0081, p. 2 (La. App. 4 Cir. 11/21/18), 259 So.3d 1235, 1237. Mercato submitted a public records request to the HDLC,[1] and after receiving a response, Mercato filed a Petition for Writ of Mandamus and Civil Penalties, pursuant to La. R.S. 44:35, against the City, the HDLC, and John Deveney, a commissioner on the HDLC, contending that Commissioner Deveney improperly sought to have the development denied, and that the documents from Mercato's public records request which would have proven same did not include documents from Commissioner Deveney. *Mercato Elisio*, 2018-0081, pp. 2-3, 259 So.3d at 1237-1238. Mercato subsequently filed a Supplemental Petition for Writ of Mandamus and Civil Penalties and Fees, averring that the HDLC, the City, and Commissioner Deveney only partially produced responses to the public records request. *Id*. at p. 3, 259 So.3d at 1238.

---

[1] The public records request stated:

> As such, we request copies of all public records, as defined in La. Rev. Stat. § 44:1 A(2)(a), dated between January 1, 2011, and December 31, 2012, in the possession of the HDLC and/or Commissioner John Deveney including, but not limited to, letters, e-mails, text messages, notes, documents, meeting minutes, calendar entries of meetings, reports and memoranda to and/or from any person or entity related to the Elisio Lofts-501 Elysian Fields Project, Mercato Elisio, LLC, Ekistics, LLC, and/or Sean Cummings. Please note such records include those that exist or were created using private accounts and/or devices utilized in conducting the business of the HDLC.

The trial court denied Mercato's Petition for Writ of Mandamus, Civil Penalties, and Fees, finding that a certain email communication exhibit was not public record because it was between two spouses. *Id.* Mercato filed a Limited Motion for New Trial, asserting that the denial of attorney's fees was contrary to the law and argued that the trial court erroneously determined that the email communication was not a public record. *Id.* On November 2, 2017, the trial court granted Mercato's Limited Motion for New Trial, finding that the exhibit was a public record and that Mercato was entitled to attorney's fees "pursuant to La. R.S. 44:35(D)."[2] *Id.* at pp. 3-4. Accordingly, the trial court ordered Mercato to submit proposed attorney's fees and costs for an *in camera* inspection and a separate determination. *Id.* at p. 4. The City, the HDLC, and Commissioner Deveney appealed the trial court's ruling.

This Court affirmed, finding, *inter alia*, that the trial court did not manifestly err in its determination that the email communication was a public record and that Mercato "was entitled to an award of attorney's fees as a prevailing party", while noting that "[t]he trial court has yet to award an amount of attorney's fees; therefore, the reasonableness of the amount of that award is not before us." *Id.* at pp. 13-14, 259 So.3d at 1244.

---

[2] La. R.S. 44:35(D) provides:

> D. (1) If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
>
> (2) If a public body or official brings a suit against a person based on the person's request to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record and the person prevails in the suit, the person shall be awarded reasonable attorney fees and other costs of litigation. If the person prevails in part, the court may in its discretion award the person reasonable attorney fees or an appropriate portion thereof.

3

On May 3, 2019, the trial court signed a judgment awarding the Sangisetty Law Firm $69,489.55 in attorney's fees and $3,360.09 in court costs. The trial court further awarded the law firm of Sangisetty & Samuels $2,613.00 in attorney's fees and $1,021.25 in court costs, and Richard G. Perque, LLC, $5,670.00 in attorney's fees and $129.35 in court costs. Notably, the trial court's May 3, 2019 judgment specifically referenced the November 2, 2017 judgment that "award[ed], among other things, attorney['s] fees pursuant to La. R.S. § 44:35(D)." (R. 230).

On May 9, 2019, Mercato filed another Limited Motion for New Trial, contending that the City and John Deveney should be liable, *in solido*, pursuant to La. R.S. 44:35(E)(2)[3] for the attorney's fees awarded by the trial court in the May 3, 2019 judgment. On September 30, 2020, the trial court signed a judgment ordering that the City and "Commissioner John Deveney" were liable *in solido* for the award of attorney's fees "previously granted by this Court." Mercato did not file a motion for new trial, nor did Mercato appeal that judgment.

---

[3] La. R.S. 44:35(E) governs circumstances in which a custodian is personally liable for fees and costs and provides:

> E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requestor any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requestor civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

> (2) The custodian shall be personally liable for the payment of damages pursuant to Paragraph (1) of this Subsection and shall be liable in solido with the public body for the payment of the requestor's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requestor in connection with the request for records, the court may award attorney fees to the custodian.

Also on September 30, 2020, the trial court issued written reasons for judgment, wherein the trial court noted that the issue for review was "whether the award of attorney fees against the City and Commissioner John Deveney *in solido* is appropriate." The trial court acknowledged Mercato's argument that "Commissioner Deveney" should be liable in his individual capacity pursuant to La. R.S. 44:35(E), as well as Commissioner Deveney's argument that the attorney's fees were not awarded pursuant to La. R.S. 44:35(E), but La. R.S. 44:35(D). The trial court recognized that it "did, in fact, award attorney['s] fees pursuant to La. R.S. § 44:35(D)(1)," but found that "the inquiry does not end there." (R. 390). The trial court reasoned that because "Commissioner Deveney's withholding the requested documents [sic] was arbitrary and capricious", La. R.S. 44:35(E)(2) applied. As previously noted, however, the September 30, 2020 judgment itself does not reference La. R.S. 44:35(E)(or any statute) and provides that the City "and *Commissioner* John Deveney are liable, *in solido*, for the award of attorney fees previously granted by this Court." (emphasis added).

On May 5, 2021, Mercato filed a Motion to Amend to Alter Phraseology Pursuant to Louisiana Code of Civil Procedure Article 1951 with respect to the September 30, 2020 judgment, contending that an amendment was necessary because the September 30, 2020 judgment did not list the amount owed by the City and John Deveney to Mercato, and John Deveney was identified as "Commissioner John Deveney" when he should have been identified only by his name, John Deveney.

The trial court held a hearing on Mercato's motion on November 18, 2021, at which time the trial court stated that the removal of John Deveney's official title designation was not a substantive change. On January 5, 2022, the trial court

5

signed a judgment that granted Mercato's request to remove the title designation of "Commissioner" from John Deveney's name on the September 30, 2020 judgment, ordering, *inter alia*, that the City and John Deveney be liable, *in solido*, for the award of attorney's fees previously granted. This appeal by John Deveney followed.

**DISCUSSION**

Whether the Motion to Amend to Alter Phraseology Pursuant to Louisiana Code of Civil Procedure Article 1951 was properly granted is a question of law. *See Freeman v. Zara's Food Store, Inc.*, 2016-0445, p. 9 (La. App. 4 Cir. 11/2/16), 204 So.3d 691, 697. "Pure questions of law are reviewed under a *de novo* standard 'without deference to the legal conclusions of the courts below.'" *Freeman*, 2016-0445, p. 9, 204 So.3d at 697 (quoting *Bates v. City of New Orleans*, 2013–1153, 2013–1157, p. 8 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, 780 (quoting *Durio v. Horace Mann Ins. Co.*, 2011–0084, p. 14 (La. 10/25/11), 74 So.3d 1159, 1168)).

Appellant contends that the trial court erred as a matter of law when it granted Mercato's motion to amend, which substantively altered the existing final judgment by changing the name of a party cast in judgment and effecting new personal liability upon Deveney. Appellant further contends that the trial court erred as a matter of law when it granted Mercato's motion to amend to conform the existing judgment with the trial court's prior reasons for judgment.

La. C.C.P. art. 1951 applies to final judgments and provides:[4]

---

[4] La. C.C.P. art. 1951 was amended effective August 1, 2021. From August 1, 2013 through July 31, 2021, La. C.C.P. art. 1951 provided:

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if

6

On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. **A final judgment may not be amended under this Article to change its substance.**

(emphasis added). Thus, La. C.C.P. art. 1951 "permits the trial court to amend a final judgment at any time '**[t]o alter the phraseology of the judgment, but not the substance**; or ... [t]o correct errors of calculation.'" *Safeguard Storage Properties, L.L.C. v. Donahue Favret Contractors*, *Inc.*, 2010-0673, p. 9 (La. App. 4 Cir. 3/31/11), 60 So.3d 110, 117 (emphasis added). It is well-settled that a trial court may change the substance of the original judgment in three ways: "1) the timely motion for new trial; 2) timely appeal; or 3) petition or action for nullity." *Safeguard,* 2010-0673, p. 9, 60 So.3d at 117 (quoting *Paragon Lofts Condo. Owners Ass'n, Inc. v. Paragon Lofts, L.L.C.*, 2010–0419, p. 1 (La. App. 4 Cir. 1/14/11), 55 So.3d 970, 972); *see also Nichols v. Nichols*, 2008-0207, p. 4 (La. App. 4 Cir. 1/14/09), 4 So.3d 134, 137.

In *Bates v. City of New Orleans*, 2013–1153, 2013–1157 (La. App. 4 Cir. 3/26/14), 137 So.3d 774, this Court outlined the following parameters regarding a trial court's authority to amend a final judgment pursuant to La. C.C.P. art. 1951:

• "Article 1951 contemplates the correction of a 'clerical error' in a final judgment, but does not authorize substantive amendments."

• An amendment that "adds to, subtracts from, or in any way affects the substance of a judgment, is considered a substantive amendment."

the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

• The substance of a judgment can be altered only by a timely motion for new trial, nullity action, or appeal.

• "The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error."

• "La. C.C.P. art.1951 does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial judge's actual intention. The trial court's written judgment is controlling, even if the trial judge may have intended otherwise."

• A trial court's authority on a motion to enforce a final judgment is limited to enforcing its judgment as written.

• Substantive amendments to judgments made without recourse to the proper procedures—a timely motion for a new trial or an appeal—are absolute nullities.

• The remedy generally granted by an appellate court when it finds an improper substantive amendment has been made to a final judgment is to set aside and annul the amending judgment and to reinstate the original judgment.

*Bates*, 2013–1153, pp. 13-14, 137 So.3d at 784-85 (internal citations omitted); *see also Freeman*, 2016-0445, p. 13, 204 So.3d at 699–700.

This Court has also recognized that an amendment which "adds to, subtracts from, or in any way affects the substance of the judgment" is considered to be a substantive amendment to a judgment. *Iles v. Ogden*, 2011-0317, p. 8 (La. App. 4 Cir. 9/5/12), 99 So.3d 1035, 1040–41 (quoting *Palmer v. Leclercq*, 2007–0604, p. 6 (La. App. 4 Cir. 9/24/08), 996 So.2d 21, 25; *Nichols*, 2008–0207, p. 4, 4 So.3d at 136). "Furthermore, changing the name of a party cast in judgment is a substantive change prohibited by Code of Civil Procedure article 1951." *Safeguard Storage Properties, L.L.C.*, 2010-0673, p. 9, 60 So.3d at 117 (quoting *Harvey v. Traylor*, 96–1321 (La. App. 4 Cir. 2/5/97), 688 So.2d 1324, 1329). Recently, this Court noted that "most jurisprudence holds that changing the name of a party cast in judgment is an alteration of substance." *Washington v. Taylor*, 2021-0080, pp. 11-

8

12 (La. App. 4 Cir. 1/26/22), 334 So.3d 1060, 1070 (citing *Freeman,* 2016-0445, p. 14, 204 So.3d at 700 ("The general rule is that an amendment to add a party to a judgment is a change of substance, not of phraseology, that can only be accomplished by motion for a new trial or on appeal"), and *Paragon Lofts,* 2010-0419, p. 2, 55 So.3d at 972.

In *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So.2d 916, the Louisiana Supreme Court considered whether the trial court erred in amending an original judgment that named a non-existent legal entity. In *Tunstall*, plaintiff Terrance Tunstall was driving a taxi cab when his vehicle was struck by a vehicle operated by defendant, Elvin Stierwald. Tunstall filed suit against Stierwald and Travelers Insurance Company, alleging that Travelers provided liability coverage for the vehicle operated by Stierwald. *Tunstall*, 2001-1765, p. 1, 809 So.2d at 918. Thereafter, Phoenix Insurance Company filed an answer to the petition, stating: "NOW INTO COURT, through undersigned counsel, comes defendant, The Phoenix Insurance Company (improperly identified as Travelers Insurance Company)" and "admit[ting] it had a policy with Elvin Stierwald and specifically pleads the policy." *Id*. at pp. 1-2. The parties conducted discovery, but Travelers was never listed as a party defendant on any of the pleadings; rather, all notices listed counsel for "Phoenix Insurance Company." *Id*. at p. 2.

After a trial on the merits, the trial court found in favor of Tunstall, awarding him damages and naming as defendants "Elvin Stierwald and Phoenix/Travelers Insurance Company." *Tunstall*, 2001-1765, p. 3, 809 So.2d at 919. In the trial court's reasons for judgment, the trial court "never stated that Phoenix acted in bad faith nor did it indicate that there was a question as to the identity of Mr.

9

Stierwald's insurer." *Id*. Defendants filed a motion for new trial, and the trial court issued an amended judgment, stating:

> "[t]his Honorable Court noted a typographical error and amended the judgment as follows:
>
>> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein, with prejudice, in favor of plaintiff Terrance Tunstall, and against the defendants, Elvin Stierwald, Phoenix Insurance Company and Travelers Insurance Company."

*Id*. Based on the amended judgment specifically naming Travelers as a party, both Phoenix and Travelers appealed the decision, which this Court affirmed. *Tunstall v. Stierwald, et al*., unpub., 2000–0823 (La. App. 4 Cir. 5/16/01), 796 So.2d 937.

The Louisiana Supreme Court considered, *inter alia*, whether the trial court erred in amending the original judgment, which named Phoenix/Travelers, a non-existent legal entity, as a party cast in judgment. *Tunstall*, 2001-1765, p. 5, 809 So.2d at 920. Because the record reflected that the only defendant who answered Tunstall's petition as the insurer for Elvin Stierwald was Phoenix Insurance Company, the Court found that the only defendant capable of being cast in judgment in this matter was Phoenix. *Id*. Additionally, the Court noted that Tunstall never sought a default judgment against Travelers and did not object to Phoenix's participation as the insurer of Stierwald. *Id*.

The Court also noted that although the record did not contain a motion for new trial, the trial court "rendered an amended judgment, in which Phoenix/Travelers was replaced by Phoenix Insurance Company **and** Travelers Insurance Company." *Id*. (emphasis in original). The Court recognized that "[c]hanging the name of a party cast in the judgment is a change of substance and not of phraseology." *Id*. (citing *Davenport v. Amax Nickel, Inc*., 569 So.2d 23, 26 (La. App. 4 Cir. 1990)). Thus, the Court held that "[a]lthough the error may have

10

appeared obvious to the parties and the court, the change should not have been

accomplished by the court's own motion, but should have been done

contradictorily", and "[w]hile the usual remedy of the appellate court in such a

case is to vacate the amended judgment and reinstate the original judgment," the

original judgment cast a non-entity in judgment. *Tunstall*, 2001-1765, p. 6, 809

So.2d at 920. Accordingly, the Louisiana Supreme Court vacated the amended

judgment, reinstated and revised the original judgment, deleting Travelers

Insurance Company and adding Phoenix Insurance Company. *Tunstall*, 2001-

1765, p. 6, 809 So.2d at 921.

In *Safeguard Storage, supra*, Safeguard Storage Properties, L.L.C., a self-

storage business, suffered damage to its New Orleans area facilities and business

interruption to its corporate office and national call center in Metairie, Louisiana

from Hurricane Katrina. Safeguard filed a petition for declaratory judgment and

damages against Donahue Favret Contractors, Inc. ("Donahue"), Mapp

Construction, L.L.C. ("Mapp"), and all of the insurers of Safeguard and Mapp,

seeking monetary damages against companies contracted to repair Safeguard's

properties, payments on policies from its excess insurers due to Hurricane Katrina

damages, and penalties and attorneys' fees pursuant to La. R.S. 22:658 and La.

R.S. 22:1220.[5] *Safeguard Storage*, 2010-0673, p. 3, 60 So.3d at 114. Safeguard

also sought monetary damages for lost business opportunities for the business

locations Safeguard was allegedly unable to open due to Hurricane Katrina from

---

[5] The statutes are now numbered La. R.S. 22:1892 and La. R.S. 22:1973, respectively.

Lexington and its excess insurers, (collectively referred to as "Defendant Insurers").[6] *Id*. at pp. 3-4.

The Defendant Insurers filed motions for partial summary judgment, asserting that Safeguard's lost business opportunities claims were too speculative, that Safeguard could only recover damages sustained during the applicable period of recovery, and regarding the application of the period of recovery. *Id*. at p. 4. Safeguard subsequently filed a motion for partial summary judgment, asserting that its claims for lost business developments and development income streams were covered by insurance. *Id*.

Lloyd's filed a motion for partial summary judgment, asserting that the "policy wording" controlled the rights and obligations of it and Safeguard. *Id*. Safeguard filed a motion for partial summary judgment regarding the "nature and effect" of Lloyd's coverage slips. *Safeguard Storage*, 2010-0673, p. 4, 60 So.3d at 114-115 (footnote omitted). The trial court granted the Defendant Insurers' motion for partial summary judgment as to lost business opportunities and denied Safeguard's re-urged motion for partial summary judgment regarding business interruption coverage for loss of development. *Safeguard Storage*, 2010-0673, p. 5, 60 So.3d at 115. The trial court also granted the Defendant Insurers' motion for partial summary judgment regarding the period of recovery and denied Safeguard's

---

[6] Ace American Insurance Company ("Ace"), Allied World Assurance Company ("Allied"), American International Specialty Lines Insurance Company ("AISLIC"), Axis Reinsurance Company ("Axis"), Axis Specialty Limited ("ASL"), Certain Underwriters at Lloyd's of London ("Lloyd's"), Continental Casualty Company ("Continental"), Federal Insurance Company ("Federal"), Great Lakes UK d/b/a Great Lakes Reinsurance (UK), PLC ("Great Lakes"), Illinois Union Insurance Company ("Illinois"), International Insurance Company of Hannover ("International"), Liberty Mutual Group ("LMG"), Employers Insurance Company of Wausau ("Employers"), Pacific Insurance Company, Ltd. ("Pacific"), SR International Business Insurance Company, Ltd. ("SR"), and XL Insurance America, Inc. ("XL").

corresponding re-urged motion. *Id.* The trial court declared several other motions for partial summary judgment as moot. *Id.*

Subsequently, the trial court issued an amended judgment excluding Lloyd's from the Defendant Insurers referred to in the original judgment because it mistakenly used the noun "defendant" without specificity. *Id.* The trial court stated that Lloyd's "did not formally acknowledge and/or adopt the insurance contract which is the subject of this litigation" and that whether or not Lloyd's would be included in the results of the original judgment depended upon the trial court's "ruling on the slip/binder issue." *Id.* at pp. 5-6. Lloyd's appealed and contended, *inter alia*, that La. C.C.P. art. 1951 does not permit substantive changes to the original judgment.[7] *Id.* at p. 6.

With respect to Lloyd's assignment of error regarding the amended judgment, this Court found that a trial court is prohibited from issuing an amended judgment because jurisdiction is divested once an order of appeal is granted, and "changing the name of a party cast in judgment is a substantive change prohibited by Code of Civil Procedure article 1951." *Safeguard Storage*, 2010-0673, p. 9, 60 So.3d at 117 (quoting *Harvey v. Traylor*, 96-1321, p. 5 (La. App. 4 Cir. 2/5/97), 688 So.2d 1324, 1329). In declaring the amended judgment to be an absolute nullity, this Court found:

> In the case *sub judice*, the trial court judge amended the original judgment to exclude Lloyd's from the granting of the motions for partial summary judgment. Meaning, Lloyd's originally prevailed on the motions for partial summary judgment, but after the amended

---

[7] This Court noted that the trial court designated the original interlocutory judgment as final and appealable pursuant to La. C.C.P. art. 1915(B)(1), but found this was a procedural error, as the denial of a motion for summary judgment is not appealable even if certified as final by the trial court judge. *Safeguard Storage*, 2010-0673, p. 7, n. 11, 60 So.3d at 116 (citing *Yokum v. Van Calsem*, 2007–0676, p. 6 (La. App. 4 Cir. 3/26/08), 981 So.2d 725, 730). Therefore, this Court concluded, the judgment Lloyd's sought to reverse remained interlocutory and subject to this Court's supervisory jurisdiction.

> judgment, Lloyd's was excluded from the prevailing class of Defendant Insurers. Thus, given the statutory divestiture of jurisdiction coupled with the jurisprudential interpretation of La. C.C.P. art. 1951, we find that the change excluding Lloyd's from the "defendants" was substantive. Therefore, we declare that the amended judgment is an absolute nullity.

*Safeguard Storage*, 2010-0673, p. 10, 60 So.3d at 118.

This Court considered a similar issue in *Freeman, supra*. In *Freeman*, the plaintiff, Joycelyn Freeman, was working as a cashier at Zara's Food Store, Inc., on October 5, 2012, and was groped by Joseph Zara. *Freeman,* 2016-0445, p. 2, 204 So.3d at 693. Following the incident, Ms. Freeman initially was suspended for three days before being terminated. *Id*. Ms. Freeman filed suit in the United States District Court for the Eastern District of Louisiana against Mr. Zara and Zara's Food Store, Inc., which rendered judgment dismissing all of Ms. Freeman's claims. *Freeman,* 2016-0445, pp. 2-3, 204 So.3d at 693-694.

The day after the federal court rendered its judgment dismissing the matter in its entirety, Ms. Freeman filed suit in state court, naming Joseph Zara and Zara's Food Store, Inc., as defendants. *Freeman,* 2016-0445, p. 3, 204 So.3d at 694. After Defendants failed to answer the petition, Ms. Freeman filed a Motion for Preliminary Default, which was entered, and at the conclusion of the hearing on the default judgment, the duty judge signed the following judgment on May 28, 2014:

> After considering the testimony of Joycelyn Freeman and all the evidence and facts presented and for good cause shown:
>
> IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the plaintiff, Joycelyn Freeman, in the amount of ninety two thousand one hundred ninety seven and 50/100 ($92,197.50) DOLLARS with interest from the date of judicial demand.

*Id*. at pp. 3-4.

14

At the duty judge's request, the names and addresses of both defendants were typed below the trial court judge's signature on the bottom left corner of the judgment. *Id*. at p. 4. Ms. Freeman recorded the judgment in the Orleans Parish Mortgage and Conveyance Office. *Id*.

Thereafter, Defendants filed a Motion to Dismiss Based Upon the Peremptory Exceptions of Prescription and Res Judicata, contending that because the federal district court's judgment dismissed Ms. Freeman's federal suit with prejudice, Ms. Freeman's state court suit was barred by both *res judicata* and prescription. *Freeman,* 2016-0445, p. 4, 204 So.3d at 695. Defendants also argued that no party defendant was named in the judgment. *Id*. at pp. 4-5. The trial court granted Defendants' motion to dismiss, and Defendants filed a Petition for Writ of Mandamus, seeking to remove the trial court's judgment from the mortgage records. *Id*. at p. 5. Subsequently, Ms. Freeman filed a motion to amend in federal court. *Id*.

In its amended judgment, the federal court dismissed without prejudice Ms. Freeman's remaining state law claims. *Id*. Thereafter, Ms. Freeman filed a Motion for New Trial from the trial court's ruling dismissing the case, attaching the federal court's amended judgment. *Id*. at p. 6. The trial court granted Ms. Freeman's Motion for New Trial and, reversing its prior ruling, denied Defendants' Exceptions of Prescription and Res Judicata, as well as the Petition for Writ of Mandamus.[8] *Id*.

Ms. Freeman subsequently filed a Motion to Amend the May 28, 2014 judgment to clarify that it was rendered against Joseph Zara and Zara's Food Store,

---

[8] From the trial court's judgment granting Ms. Freeman's Motion for New Trial, Defendants filed a writ application with this court, which was denied. *Freeman v. Joseph Zara, et al*., 2014–1330 (La. App. 4 Cir. 12/1/14) (unpub.).

Inc. *Freeman,* 2016-0445, p. 6, 204 So.3d at 696. On August 27, 2015, the trial court rendered an amendment judgment, which stated:

> IT IS ORDERED, ADJUDGED AND DECREED that the original Judgment be amended to state that "there be judgment in in favor of the plaintiff, Joycelyn Freeman, in the amount of NINETY TWO THOUSAND ONE HUNDRED NINETY SEVEN and 50/100 ($92,197.50) DOLLARS and against the defendants Joseph Zara and Zara's Food Store, Inc., with interest from the date of judicial demand.

*Freeman,* 2016-0445, pp. 7-8, 204 So.3d at 696.

Defendants filed a Motion for New Trial, which was denied. *Id*. at p. 8, 204 So.3d at 697. On appeal, this Court considered, *inter alia*, the applicability of La. C.C.P. art. 1951, noting that "[t]he jurisprudence on the issue of whether it is permissible to amend a judgment to correct an error in the name of the party cast in judgment is 'unsettled.'" *Freeman,* 2016-0445, p. 14, 204 So.3d at 700 (quoting 1 Frank L. Maraist and Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 13:1 (2015)). This Court recognized that "[t]he general rule is that an amendment to add a party to a judgment is a change of substance, not of phraseology, that can only be accomplished by motion for a new trial or on appeal." *Freeman,* 2016-0445, p. 14, 204 So.3d at 700 (citing *Derouen v. Quintana Petroleum*, 626 So.2d 1181 (La. 1993) (Lemmon, J., concurring) (noting that "[t]he amended judgment substituted one party defendant for another and this violated La.Code Civ.Proc. Art. 1951.")). Ultimately, this Court held that the amendment adding Defendants' names—Joseph Zara and Zara's Food Store, Inc.—was a substantive amendment and vacated the trial court's judgment. *Freeman,* 2016-0445, pp. 15, 20, 204 So.3d at 701, 704.

The First Circuit recently considered a similar issue and relied on *Tunstall, supra*, in *Duncan v. Gauthier*, 2021-0220 (La. App. 1 Cir. 10/28/21), 332 So.3d

1191.  In *Duncan*, Raeven Duncan was involved in an automobile accident with Brett Gauthier.  Ms. Duncan filed a petition for damages allegedly sustained in the accident against Brett Gauthier, Brett Gauthier's Auto Sales, Collision Specialties, Inc., and Houston Specialty Insurance Company.  *Duncan*, 2021-0220, p. 2, 332 So.3d at 1193.  Ms. Duncan subsequently filed a first supplemental and amending petition naming as additional defendants, State National Insurance Company, insurer of Brett Gauthier's Auto Sales, and Steven Colburn, an employee of Collision Specialties, Inc., and asserted survival action and wrongful death claims contending that the stress of the accident, combined with the trauma to her abdomen, caused her to experience a miscarriage soon after the accident.  *Id*.

Some of the defendants filed peremptory exceptions of no cause of action, seeking dismissal of Ms. Duncan's survival action claim, which the trial court sustained, ordering Ms. Duncan to amend her petition to eliminate any survival action claim.  *Id*. at p. 3.  Ms. Duncan complied and also filed a motion to dismiss her claims against Collision Specialties, Inc. and Houston Specialty Insurance Company, without prejudice, which was granted.  *Id*.  Thereafter, the trial court granted a motion for summary judgment dismissing plaintiff's claims against Mr. Colburn with prejudice and granted a motion for partial summary judgment, dismissing Ms. Duncan's claims for wrongful death on behalf of her unborn child against Brett Gauthier, Brett Gauthier's Auto Sales, Collision Specialties, Inc., and State National Insurance Company, Inc., with prejudice.  *Duncan*, 2021-0220, p. 3, 332 So.3d at 1193-1194.

After a bench trial, the trial court found in favor of Ms. Duncan, and issued a judgment finding defendants, Brett Gauthier, Brett Gauthier d/b/a Brett Gauthier's Auto Sales, and State National Insurance Company, 100% liable for plaintiff's

damages, and awarding plaintiff $19,202.60 for past medical expenses, $10,219.55 for expert reconstruction expense, "$1,1250.00" for the trial deposition fee of Dr. David Wyatt, and $125,000.00 for general damages, plus court costs and legal interest from the date of judicial demand. *Id*. at pp. 3-4, 332 So.3d at 1194.

Thereafter, the trial court signed a second judgment, submitted by Ms. Duncan, which referenced the trial court's previous "written reasons finding in favor of plaintiff Raeven Duncan, and against Defendants, Brett Gauthier, Brett Gauthier's Auto Sales Collision Specialties, Inc. and State National Insurance Company ... [finding] defendants 100% at fault for the accident," and awarded plaintiff $19,202.60 for past medical expenses, $10,219.55 for expert accident reconstruction expense, $1,250.00 for the trial deposition fee of Dr. Wyatt, and $125,000.00 for general damages. *Id*. at p. 4. The judgment was rendered "in favor of Plaintiff, Raeven Duncan, and against Defendants, Brett Gauthier, Brett Gauthier's Auto Sales Collision Specialties, Inc. and State National Insurance Company, jointly and *in solido* in the amount of $155,672.15, together with legal interest thereon from date of judicial demand until paid and plaintiff's court costs." *Id*. (footnote omitted).

On January 7, 2020, the defendants filed a motion for new trial, which was denied by the trial court on March 5, 2020, and on April 9, 2020, defendants filed a motion and order for a devolutive appeal from the December 30, 2019 judgment of the trial court. *Id*. at pp. 4-5, 332 So.3d at 1194-1195. On appeal, the First Circuit recognized that as a procedural matter, the record contained two judgments signed by the trial court arising from the September 26, 2019 bench trial, and that the judgments differed in that the original judgment was rendered against defendants, "Brett Gauthier, **Brett Gauthier d/b/a Brett Gauthier's Auto Sales,** and State

18

National Insurance Company," while the second judgment was rendered against defendants, "Brett Gauthier, **Brett Gauthier's Auto Sales Collision Specialties, Inc.** and State National Insurance Company." *Duncan*, 2021-0220, p. 7, 332 So.3d at 1196 (emphasis in original). The judgments also differed in that the original judgment awarded Ms. Duncan a fee of "$1,1250.00" for the trial deposition of Dr. David Wyatt, while the second judgment corrected the amount to show that Ms. Duncan was awarded "$1,250.00" for the trial deposition fee of Dr. David Wyatt. *Id*.

The First Circuit recognized the constraints of La. C.C.P. art. 1951, as well as the principal that "[a] judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment." *Duncan*, 2021-0220, pp. 7-9, 332 So.3d at 1196 (citing *Villaume v. Villaume*, 363 So.2d 448, 450 (La. 1978)). The court concluded that "[t]he trial court's changing of the name of a party cast in judgment constitutes an impermissible substantive change in the judgment." *Duncan*, 2021-0220, p. 8, 332 So.3d at 1197 (citing *Tunstall*, 2001-1765, p. 5, 809 So.2d at 920). Thus, "[w]hen a trial court substantively amends a judgment without recourse to the proper procedure, the amended judgment is an absolute nullity." *Duncan*, 2021-0220, p. 8, 332 So.3d at 1197 (citing *LaBove v. Theriot*, 597 So.2d 1007, 1010 (La. 1992)). Accordingly, the First Circuit held, *inter alia*, that because "the trial court herein substantively amended the December 26, 2019 original judgment by changing or adding the name of a defendant cast in judgment without recourse to the proper procedure and where the defendants herein did not consent to the substantive change in the judgment", the "December 30, 2019 judgment [wa]s an absolute nullity and of no effect." *Duncan*, 2021-0220, p. 9, 332 So.3d at 1197. The First Circuit ordered

the December 30, 2019 judgment of the trial court vacated as null and set aside and reinstated the December 26, 2019 judgment. *Id*. at p. 11, 332 So.3d at 1198.

Mercato contends that the trial court's September 30, 2020 written reasons for judgment discuss John Deveney's personal liability, despite referring to him as "Commissioner". Mercato further contends that any reference to John Deveney as "Commissioner Deveney" in the September 30, 2020 judgment itself is not an indication that he is liable in his professional capacity, but is simply another way to refer to John Deveney. Thus, Mercato insists the amended judgment does not make a substantive change because the same individual is liable in both the original and amended judgment.

"It is well-established that reasons for judgment are not controlling and do not constitute the judgment of the court." *Theresa Seafood, Inc. v. Berthelot*, 2009-0814, p. 7 (La. App. 4 Cir. 3/10/10), 40 So.3d 132, 137, *amended on reh'g* (May 12, 2010). Additionally, this Court has recognized that La. C.C.P. art. 1951 "does not permit the trial court to substantively alter a final judgment even if the amendment merely expresses the trial court's actual intention." *In re Abadie*, 96-1685, p. 3 (La. App. 4 Cir. 7/30/97), 699 So.2d 457, 460, *writ denied*, 1997-2231 (La. 11/21/97), 703 So.2d 1314.

As noted previously herein, the November 2, 2017 and May 3, 2019 judgments provided that "Commissioner John Deveney" was liable pursuant to La. R.S. 44:35(D), which does not impose personal liability. The September 30, 2020 judgment ordered that the City and "Commissioner John Deveney" were liable *in solido* and referenced awards "previously granted by this Court." Although the September 30, 2020 reasons for judgment referenced La. R.S. 44:35(E), no judgment referenced La. R.S. 44:35(E). Therefore, even if the trial court amended

the September 30, 2020 judgment to comport with its actual intentions expressed in the September 30, 2020 written reasons for judgment,[9] this was nevertheless an impermissible substantive amendment to a final judgment. *See In re Abadie*, 96-1685, p. 3, 699 So.2d at 460.[10]

In this case, the September 30, 2020 judgment provided that Commissioner John Deveney is liable, and therefore, he is liable in his capacity as a city official. Thus, we find that because the trial court's removal of "Commissioner" from John Deveney's name improperly altered the substance of a final judgment by imposing personal liability, the trial court legally erred. Accordingly, the trial court's January 5, 2022 judgment is vacated as an absolute nullity, and the original judgment is reinstated. *See Tunstall*, 2001-1765, p. 6, 809 So.2d at 920 (noting that "the usual remedy of the appellate court in such a case is to vacate the amended judgment and reinstate the original judgment"); *see also Freeman*, 2016-0445, p. 20, 204 So.3d at 703.

---

[9] The following colloquy occurred at the November 18, 2021 hearing on Mercato's motion to amend:

> THE COURT:
>
> Then you work it out with your client. That is not in my judgment. I do not even know that I addressed that. So you-all – hopefully your client will pay you. I'm not changing that. I think there is no substantive change because whether we disagree that the reasons do not – then I do not understand why the Supreme Court, 4th Circuit calls you up and says, hey, give me some reasons. I am telling you why I did it and I do not believe that it is substantive.
>
> [Counsel for John Deveney]:
>
> Your Honor, just for clarity of the record what, Your Honor, was reading from in concluding the change was not substantive was from, Your Honor's, reasons for judgment?
>
> THE COURT:
>
> That is correct. That is why I said what I said.

[10] As previously noted herein, Mercato did not file a motion for new trial from the September 30, 2020 judgment, nor did he appeal that judgment.

**CONCLUSION**

For the above stated reasons, the trial court's amended January 5, 2022

judgment is vacated as null and we reinstate the September 30, 2020 judgment.


                                        **AMENDED JUDGMENT VACATED;**
                                        **ORIGINAL JUDGMENT REINSTATED**